CLAUDIUS SHATTUCK et al., by Guardian, etc , Respondent, *v.* GEORGE BASCOM, Appellant.

| | |
|---|---|
| 105 | 39 |
| 110 | 5 |
| 110 | 6 |
| 105 | 39 |
| 123 | 36 |
| 123 | 493 |
| 105 | 39 |
| 132 | 531 |

One claiming under a conveyance, in form a deed, but in fact given as a mortgage, cannot maintain ejectment against the grantor or any other person.

Reconveyance by the grantee to the grantor is not necessary to reinvest the latter with the absolute title; it is necessary only to clear up the record title.

Where the form of oath to be taken by assessors is prescribed, it must be followed, and any material variation therefrom will invalidate the assessment.

Defendant executed a quit-claim deed of certain lands to C.; the deed was, in fact, given as a mortgage. C. commenced an action against S., who claimed title to the land under a 'comptroller's deed on sale for taxes, to set aside said deed as a cloud on title. That action resulted in a judgment for the defendant therein. C. thereupon reconveyed to S. In an action brought by plaintiffs, who claimed as the heirs of S.,wherein the question was as to the title to the lands, *held*, that defendant did not in any sense take title from C., and was not estopped by the judgment against him.

The lands were sold for arrears of taxes for the year 1856 and for two other years. The law in force in 1856 (Chap. 176, Laws of 1851), required that the oath of the assessors to the assessment-roll should state that they had estimated the value of the real estate in accordance with the judgment of a majority of them, "with the exception of those cases in which the value of said real estate has been changed by reason of proof

produced before us." It appeared that in the oath to the assessment-roll of that year instead of the words "of proof," the word "hereof" was inserted. *Held*, that this was a fatal variance, rendering the assessment void; and, as the tax sale was for the aggregate of the three years, the entire sale and the deed given in pursuance thereof were void.

(Argued February 10, 1887; decided March 8, 1887.)

APPEAL from judgment of the General Term of the Supreme Court, in the fifth judicial department, in favor of plaintiffs, entered upon an order made April 23, 1885, which denied a motion for a new trial and directed judgment on a verdict.

The nature of the action and the material facts are stated in the opinion.

*E. D. Northrup* for appellant. Defendant's acts amounted to actual possession and occupation at the time the taxes were assessed and levied, and also at the time the bark was taken. (*Thompson* v. *Burhans*, 79 N. Y. 99, 100; *Miller* v. *L. I. R. R. Co.*, 71 id. 383, 384.) The fact that Coleman mistook his remedy and assumed to own the title under the mortgage, because it was in form a quit-claim deed, cannot prejudice the rights of the defendant, who was then a powerless debtor in the hands of Coleman. (*Otis* v. *Williams*, 70 N. Y. 211.) Coleman had no more right to maintain that action than any other mortgagee would have to maintain a similar action under a mortgage drawn in the usual form. (*Clark* v. *Angel*, 17 N. Y. Week. Dig. 29; *Pardee* v. *Treat*, 82 N. Y. 385; *Miller* v. *McGucken*, 20 Week. Dig. 429; *Dodd* v. *Neilson*, 90 N. Y. 243; *Bond* v. *Collins*, 18 N. Y. Week. Dig. 90; *Grass* v. *Wellwood*, 90 N. Y. 638; *Horn* v. *Keteltas*, 46 id. 605.) The quit-claim deeds from Coleman to the defendant, were in effect only satisfaction pieces made for the purpose of formally clearing up the record in the clerk's office. (*Becker* v. *Howard*, 47 How. 429; 66 N. Y. 5; *Pardee* v. *Treat*, 82 N. Y. 385; 4 Hun, 359; *Carr* v. *Carr*, 52 id. 251; *Stoddard* v. *Whiting*, 46 id. 627; *Genet* v. *Davenport*, 56 id. 676; *Deckard* v. *Leonard*, 6

Lans. 264; *Payne* v. *Wilson*, 74 N. Y. 348; *Morris* v. *Budlong*, 78 id. 543; *Murray* v. *Walker*, 31 id. 399; *Ford* v. *Belmont*, 35 N. Y. Sup. Ct. 135; *Odell* v. *Montross*, 68 N. Y. 499.) The plaintiffs not being *bona fide* purchasers under Coleman, the mistaken action of *Coleman* v. *Shattuck* cannot operate as an estoppel upon Bascom, who was not a party to it or privy in any manner. (*Dawley* v. *Brown*, 79 N. Y. 390; *Murray* v. *Walker*, 31 id. 401; *Masten* v. *Olcutt*, 101 id. 161; *Adams* v. *Filer*, 7 Wis. 306; *Carney* v. *Emmons*, 9 id. 114; 1 Buller's Nisi Prius, 232; *Chicago* v. *Robbins*, 4 Wall. 657; *Campbell* v. *Hall*, 16 N. Y. 575; *Barrett* v. *Leach*, 25 Hun, 178; *Sheridan* v. *Andrews*, 49 N. Y. 478; *Marsh* v. *Masterton*, 23 Week. Dig. 239; *Maybee* v. *Avery*, 18 Johns. 352; 1 Smith's Leading Cas., 8₄0. n.; *Power* v. *Lester*, 23 N. Y. 533; *Trim* v. *Marsh*, 54 id. 599.) This action of replevin was improperly brought and cannot be maintained. (*Barrett* v. *Warren*, 3 Hill, 348; 1 Chitty's Pleadings, 177; *Stockwell* v. *Phelps*, 34 N. Y. 363; *Wohler* v. *B. & S. L. R. R. Co.*, 46 id. 686; *Wood* v. *Lafayette*, 68 id. 181, 190; *Beals* v. *Stewart*, 6 Lans. 408; *Rich* v. *Baker*, 3 Den. 79; *Holmes* v. *Seelcy*, 19 Wend. 507; *Houghtailing* v. *Houghtailing*, 56 Barb. 194; *Edwards* v. *Noyes*, 65 N. Y. 125; *Kellogg* v. *Vollentine*, 21 How. 226; *Rowland* v. *Fuller*, How. App. Cas. 629; *Healey* v. *Wheeler*, 8 Hun, 569; *De Mott* v. *Hagaman*, 8 Cow. 220; *Rich* v. *Baker*, 3 Den. 79; Code of Civ. Pro., § 370.) One erroneous tax vitiates the whole sale. (Blackwell on Tax Titles, 160, 161 *et seq.; Hayden* v. *Foster*, 12 Pick. 402; *In re Willis*, 30 Hun, 13; *Hall* v *Kellogg*, 16 Mich. 12; *People* v. *Hagadorn*, 36 Hun, 610.) The evasion of the plain command of the statute in making a proper oath to the assesment-roll of 1856 is a fatal error. (*Van Rensselaer* v. *Whitbeck*, 3 Seld. 517; *Westfall* v. *Preston*, 49 N. Y. 349; *People* v. *Fowler*, 55 id. 252; *Metcalf* v. *Messenger*, 46 Barb. 325; *Bellinger* v. *Gray*, 51 N. Y. 610; *Stewart* v. *Wallis*, 30 Barb. 344; 2 Tr. App. 277–279; *Boyer* v. *Boyer*, U. S. Sup. Ct. [L. C. Pub. Co.]

1089; *Atkins* v. *Kinnan*, 20 Wend. 249; 3 Edm. Stat. at Large, 350, § 8.)

*Cary & Rumsey* for respondents. The judgment record in the case of *Coleman* v. *Shattuck* has become irrevocable as against Coleman, his grantees or privies. (*Smith* v. *Smith*, 79 N. Y. 634; *Bernet* v. *Couchman*, 48 Barb. 73; Laws of 1862, chap. 485; *Cagger* v. *Lansing*, 64 N. Y. 417.) It is too late for defendant, as against Shattuck, to deny Coleman's title. (*Vorheis* v. *Olmstead*, 3 Hun, 744.) Shattuck being in the actual possession of the land, and having the constructive possession under his title, could maintain this action. (*Gardner* v. *Terry*, 19 Barb. 317; *Yeomans* v. *Francisco*, 15 Week. Dig. 312; *Samson* v. *Rose*, 65 N. Y. 419.

EARL J. The plaintiffs commenced this action to recover a quantity of hemlock bark which the defendant had peeled and taken from the trees standing on lot No. 54, containing one hundred and fifty acres of land situated in the town of Portville, in the county of Cattaraugus. The defendant in his answer denied the plaintiffs' title to the land, and averred that he owned the land and consequently the bark taken therefrom.

Upon the trial it appeared that the plaintiffs claimed title under a deed executed by the comptroller of the State pursuant to a sale of land in 1866 for arrears of taxes for the years 1856, 1858 and 1860. It is undisputed that the defendant has good title to the land unless it has been defeated by the tax sale and the deed of the comptroller.

The defendant claims that there were certain defects in the imposition of the taxes and in the subsequent proceedings which render the comptroller's deed invalid. But the plaintiffs claim that he is estopped from assailing the comptroller's deed by certain facts which will now be mentioned.

In 1869 the defendant executed a quit-claim deed of the land to one Coleman, which was duly recorded in the proper clerk's office; and while he held that deed and the apparent title to the land, in 1873, he commenced an action against Edwin R. Shattuck, the father of the plaintiffs, under whom they

claim, to set aside the comptroller's deed as a cloud upon his title, on the ground that the tax sale was void and the deed given in pursuance thereof invalid. That action was tried and resulted in a judgment in favor of the defendant therein, which was finally affirmed in this court. (*Coleman* v. *Shattuck*, 2 Hun, 497; affirmed 62 N. Y. 348.) Subsequently to the entry of that judgment, and before the commencement of this action, Coleman reconveyed the land to this defendant, and upon the trial of this action it was undisputed that the deed by this defendant to Coleman was given as security and was, in fact, a mortgage. The trial judge directed a verdict in favor of the plaintiffs upon the ground that this defendant was bound and estopped by that judgment. Upon appeal by the defendant to the General Term, the judgment of the trial term was affirmed, as appears by the opinion there pronounced, upon the ground that the plaintiffs' tax title was valid. But the court there further held that the defendant was not estopped by the judgment between his mortgagee and plaintiffs' father.

Although the conveyance from the defendant to Coleman was in form a deed, it was in fact a mortgage, and had all the incidents of a mortgage. Coleman could not, upon that deed, have maintained an action of ejectment against his grantor or any other person. All he acquired by the deed was a lien upon the land for the security of his debt, and upon payment of the debt his interest in the land and his lien thereon would absolutely cease. Reconveyance by him to this defendant was not necessary to reinvest him with the absolute title, and was necessary only to clear up the record title. (*Murray* v. *Walker* 31 N. Y. 399; *Horn* v. *Keteltas*, 46 id. 605; *Carr* v. *Carr*, 52 id. 251; *Morris* v. *Budlong*, 78 id. 543.) Therefore the defendant did not, in any sense, take his title from Coleman, but his title was anterior to any interest which Coleman had in the land; and the legal title was in him at the time of the pendency of the action of *Coleman* v. *Shattuck*. He was not a party to that action, and it was not carried on at his instance, or for his benefit,

and therefore he is not bound or estopped by the judgment rendered therein. It would be quite a novel doctrine to hold that a mortgagor is bound and estopped by a judgment rendered in an action by the mortgagee against some other person to which he was not a party. It was, therefore, open to the defendant upon the trial of this action to assail the title of the plaintiffs.

The act (Chap. 209 of the Laws of 1860) made the comptroller's deed presumptive evidence that the sale and all proceedings prior thereto were regular, according to the provisions of law directing the same, or in any manner relating thereto. But as the act made the deed only presumptive evidence, a party against whom a tax title is asserted still has the right to show by any competent evidence that the proceedings for the assessment and collection of the taxes were illegal and defective, and that the comptroller's deed is, in fact, invalid.

Upon the trial of this action, and upon the argument of the appeal in this court, the counsel for the defendant pointed out various defects and irregularities on account of which he claimed that the comptroller's deed is invalid. But we deem it important now to consider but one of the alleged defects, and that relates to the taxes of 1856. The law in force at that time (Chap. 176, Laws of 1851), prescribed the form of oath which the assessors or a majority of them should take and attach to the assessment-roll, and that so far as pertains to real estate is as follows: "We the undersigned do severally depose and swear that we have set down in the foregoing assessment-roll all the real estate situated in the (town or ward as the case may be) according to our best information and that, with the exception of those cases in which the value of the said real estate has been changed by reason of proof produced before us, we have estimated the value of the said real estate, at the sums which a majority of the assessors have decided to be the full and true value thereof, and at which they would appraise the same in payment of a just debt due from a solvent debtor." This oath is intended to secure a just valuation of

property to be taxed and is thus for the protection of tax payers, and no assessment can be valid unless it has the sanction of the oath. The legislature having prescribed the precise form of oath to be taken that form must be followed, and an assessment will be invalid if there is any material departure therefrom; and so it has been held. (*Van Rensselaer* v. *Witbeck*, 7 N. Y. 517; *Parish* v. *Golden*, 35 id. 462; *Westfall* v. *Preston*, 49 id. 349; *Bellinger* v. *Gray*, 51 id. 610; *Merritt* v. *Port Chester*, 71 id. 309.) In the oath upon the assessment-roll for 1856 a fatal defect appears. Instead of the language "value of the said real estate has been changed by reason of proof produced before us," the word "hereof" was inserted instead of the words "of proof," so that the language is, "with the exception of those cases in which the value of the said real estate has been changed by reason hereof produced before us, we have estimated the value of said real estate at the sums which a majority of the assessors have decided to be the full and true value thereof," etc. The purport of that is simply that they had estimated the value of the real estate at the sums which a majority of the assessors decided to be the full and true value thereof, except in those cases in which the value has been changed for some reason undisclosed. That oath could have been truthfully taken by the assessors even if they had overestimated or underestimated real estate, and had thus made their assessment entirely unequal and unjust. Thus the entire value of the oath was lost, and it answered no purpose whatever so far as pertained to the assessment of real estate, and might as well have been entirely omitted. Its form was such that it could not have laid the foundation for an indictment for perjury, no matter how grossly the assessors had violated their duty. It must be presumed that the form of the oath prescribed by the statute was before the assessors at the time the oath was written, and we may assume that the material departure from the words of the statute was probably intentional to accomplish some purpose not allowed by the letter of the law. We, therefore, entertain no doubt that this defect

in the oath rendered the assesment of 1856 wholly void, and as the tax sale was made for the aggregate taxes of 1856, 1858 and 1860, the entire sale was illegal and invalid, and the deed given in pursuance tthereof void. (Blackwell on Tax Tit., 160; *Riverside Co.* v. *Howell*, 113 Ill. 250; *Matter of Willis*, 30 Hun, 13; *People* v. *Hagadorn*, 36 id. 610; 104 N. Y. 516.)

The invalidity of the comptroller's deed on account of the defect in the oath of the assessors did not come under consideration in *Coleman* v. *Shattuck.* In that case there was no allegation of such a defect, and the record, by some inadvertence, showed that the oath was correctly transcribed from the statute.

Therefore, without considering other alleged defects in the tax proceedings to which our attention has been called, we are of opinion that the judgment of the General and Special Terms should be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.