Barker, P. J.
—This action is to recover damages for e trespass upon lands, alleged to have been committed by the defendant, by cutting and carrying away growing timber. The answer is a general denial. The verdict was forty-nine dollars damages.
On the trial the plaintiffs made record proof of their title to the lands described in the complaint, which the defendant did not seek to impeach. All the other evidence given on the trial was directed to the question whether the defendant entered upon the lands and cut down and carried away the timber, and the value thereof. The defendant makes no case for a new trial' on the ground of newly discovered evidence or of surprise. The failure to make a case is so manifest, that I do not take the time to state the rules of practice applicable to such motions, nor to point out where the appellant failed to bring his case within their provisions.
A decision has been made, since the trial of the action, relative to the title to the lands in question, which is mentioned in the affidavits and referred to on the argument, which will be briefly noticed that it may not be supposed that it escaped attention. The plaintiffs’ title rests upon a tax sale of the lands and the comptroller’s deed was given in evidence, and they hold under that deed by virtue of several mesne conveyances from the grantee named therein. By the provisions of chapter 209, Laws of 1860, the comptroller’s deed is made presumptive evidence that the sale and all proceedings prior thereto were regular according to the provisions of law directing the same, or in any manner relative thereto. Since the trial it has been held by a decision of the court of appeals, in an action between these parties, that the proceedings to sell the lands in question were defective and illegal because of a defect in the assessors’ affidavit. Shattuck v. Bascom, 105 N. Y., 39.
*1014 This court had held in the same action that the comptroller’s deed conveyed a good title, and that all the proceedings preceding its execution, and upon which the same was based, were regular and valid The defendant does not pretend that he was not advised as to the form and contents of the affidavit of the assessors, and familiar with all the proceedings connected with the tax ¡-ale. The fair presumption is, that he went to the trial of this action fully informed as to the form and contents of that document.
For some reason, which is not disclosed in the motion papers, the defendant omitted, upon the trial of this action, to make proof of the defect in the levy of the tax upon which the sale of the lands in question took place. On the argument of this motion the counsel for the appellant stated to the court that he raised the point in the case recently decided in the court of appeals that the affidavit of the assessors was defective in the particulars pointed out in the opinion of the court in that case. In disposing of this appeal it would not he proper for the court to intimate, one way or the other, whether this question can be raised on the defendant’s motion for a new trial, founded on the case containing exceptions, which was used upon the motion for the purpose of showing the nature and character of the evidence given upon the trial.
The order should be affirmed, with ten dollars costs and disbursements.
Haight, Bradley and Dwight, JJ., concur.