## RICHARDSON v. HOWARD.

Laws 1899, p. 38, c. 40, § 3, requires a tax assessor to attach to his return an oath stating that the value attached to each parcel is as he believes the full 'and true "cash value" thereof, and that he has not knowingly omitted to demand a statement of the description and value of all land which he is required to list or in any way connived at any violation of the law.  An assessor's oath failed to comply with these requirements, stating "that the assessed value set down in the proper columns opposite the several kinds of descriptions of property is in each case a full and true value of such property."  **Held,** that the oath did not substantially comply with the statute, rendering a tax sale thereunder voidable.

The Legislature can prescribe such method of assessing property for taxation as it may deem proper, and, where it has prescribed a form of oath required to be taken by the assessor, the oath must be taken substantially in the form prescribed.

There is a marked distinction between the terms "full and true value" and "full and true cash value," as used in statutes relating to taxation.

(Opinion filed, April 6, 1909.)

Appeal from Circuit Court, Brown County.  Hon. J. H. Mc-Coy, Judge.

Action by Joseph R. Richardson against Charles A. Howard. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.  Affirmed.

*W. F. Mason,* for appellant.  *C. M. Stevens,* for respondent.

CORSON, J.  This is an action to quiet title to a quarter section of land in Brown county.  The complaint is in the usual form. The defendant pleads title in himself by virtue of an assessment upon the property for the year 1901, resulting in a deed to his grantors, bearing date of June 3, 1905, and duly recorded on the 6th day of June, 1905.  In defendant's answer he alleges by way of counterclaim his title to the property by virtue of his tax deed, and demands judgment that his title be quieted to the premises in controversy.  The case was tried to the court and findings, and, judgment being in favor of the plaintiff, the defendant has appealed.

The court in its findings of fact finds, among others, as follows:  "That tax deed of the premises described in the complaint herein, purporting to be based upon tax sale for taxes levied and

assessed against said premises for the year 1901, was issued to the
defendant as alleged in the answer herein, and is held by the de-
fendant. The oath of the assessor appended to the tax list covering
the land in question for the year 1901 was as follows:

"State of South Dakota, County of Brown—ss.: I, Solomon
West, assessor of Savo Twp., do solemnly swear that the book to
which this is attached contains a full list of all the real and personal
property subject to taxation in Savo township for the year 1901,
so far as I have been able to ascertain the same, and that the as-
sessed value set down in the proper columns opposite the several
kinds and descriptions of property is in each case the full and true
value of such property, to the best of my knowledge and belief
(except as corrected by the town board), and that the footings of
the several columns in said book and the tabular statement re-
turned herewith is correct, as I verily believe.

"Solomon West, Assessor.

"Subscribed and sworn to before me this 25th day of June, 1901.
"[County Seal.]                    Charles Eygabroad,

"Auditor of Brown County,
. "South Dakota."

From its findings the court concludes as a matter of law:
"That the assessor's oath appended to the tax list as above set forth
is fatally defective, in that it fails to comply with the form pre-
scribed by law, and, by reason thereof, the tax proceedings and the
deed based thereon were and are void; that the plaintiff is the
owner in fee simple, and is entitled to the possession of the land in
controversy herein."

By the provisions of section 3, c. 40, p. 38, Laws 1899, which
was in force at the time this assessment was made, the form of oath
prescribed to be taken by the assessor is as follows: "Each assessor
or deputy assessor shall take and subscribe an oath, which shall
be certified by the county auditor, or other officer administering the
same, and attach to the return which he is required to make to
the county auditor, in the following form: 'I ———— assessor for
the ———— of ————, in ———— county, in the state of South Da-
kota, do solemnly swear or affirm, that the return to which this is
attached contains a correct description of each parcel of real prop-

erty within said township or assessment district, as far as I have been able to ascertain the same; that the value attached to each parcel in said return is, as I verily believe, the full and true cash value thereof; that in no case have I knowingly omitted to demand a statement of the description and value of all the real estate which I am required by law to list, or in any way connived' at any violation or evasion of any of the requirements of the law in relation to the listing and valuing of real estate, subject to all the penalties by law.' Which return shall be kept at the office of the county auditor for the inspection of any owner of property contained in such return." It is disclosed by the court's findings that the assessor, instead of taking the oath prescribed by the act of 1899, adopted substantially the form prescribed by section 38, c. 28, p. 45, Laws 1897.

It will be observed that, in the oath prescribed by the act of 1899, the assessor is required to state "that the value attached to each parcel in said return is, as I verily believe, the full and true cash value thereof," and that the oath of the assessor, as made to his return in the case at bar, is "that the assessed value set down in the proper columns opposite the several kinds and descriptions of property is in each case the full and true value of such property," omitting the word "cash." It will be further observed that the assessor in his affidavit omitted the following part of the oath prescribed by the act of 1899: "That in no case have I knowingly omitted to demand a statement of the description and value of all the real estate which I am required by law to list or in any way connived at any violation or evasion of any of the requirements of the law in relation to listing and the valuing of real estate subject to all the penalties by law." It is contended by the appellant that, though the oath as taken by the assessor was not strictly in the form prescribed by the provisions of the Code in force at the time of the assessment, it nevertheless substantially complies with those provisions, and is sufficient to render the tax proceedings and tax deed valid.

It is insisted, however, by the respondent in support of the conclusions of law and judgment of the trial court that the affidavit of the assessor to his return to the assessment list is so defective

that the tax proceedings and tax deed issued thereunder are invalid, and that the defendant acquired no title thereunder. We are of the opinion that the court was right in its conclusions of law, and that the oath taken by the assessor was not only not in the form prescribed by the statute, but did not substantially comply with the statute. In an assessment of property for taxation it is competent for the Legislature to prescribe such a method of proceeding as it may deem proper, and, where it has prescribed the form of the oath required to be taken by the assessor, the statute is mandatory, and the oath taken must be substantially in the form prescribed. As will be observed by comparison of the oath as taken by the assessor in the case at bar and the one prescribed by statute, there was not a substantial compliance with the form prescribed by the lawmaking power.

The authorities generally hold that there is a marked distinction between the term "full and true value" and the term "full and true cash value," and that the omission of the word "cash" required in the oath is a substantial departure from the form of the oath as prescribed by the statute, and the omission of the last clause in the oath prescribed constituted a marked departure and an entirely different verification from the one prescribed. Black in his work on Tax Titles, in discussing the subject of the verification of assessment roll (section 119), says: "Whenever, therefore, the statute sets forth a specific form for the certificate, it must be strictly followed in all its essential particulars, or the law is not satisfied. Thus, where the assessors are directed to state in their certificate that the property mentioned in the assesment roll has been estimated at its 'true cash value,' it is a fatal defect if these words are omitted, and a subsequent sale is invalid." In People v. Suffern, 68 N. Y. 321, the learned Court of Appeals of New York says: "The roll is not finally completed until the oath has been taken and certified as required. The roll cannot be said to be finally completed until the assessors have discharged their whole duty in reference thereto. For the purpose of securing equality of assessment and taxation among taxpayers, the law prescribes a particular oath calculated to secure that end, and, until the assessment has the sanction of that oath, it has no validity as an assessment, it cannot

form the basis of taxation, and can in no sense (be) said to be finally completed." In Marsh v. Supervisors of Clark County, 42 Wis. 502, the court in its opinion in discussing the necessity of a strict compliance with the statutory oath uses the following language: "The statute is a just and wise enactment to secure the integrity of assessments, and so to fulfill the constitutional rule; quite adequate to those ends, when the official integrity of assessors reaches the standard of the statute under which they hold their offices. The policy and justice of the provisions recited are obvious; and it would be idle to enlarge upon their necessity to such just and equal rule of assessment as will satisfy the uniform rule of taxation. The oath required of assessors that they have made the assesment in strict compliance with the statute is manifestly intended to secure the fundamental rule of taxation against indolence, carelessness, evasion, and willfulness, as well as against partiality and fraud, of those officers. The affidavit is the evidence and the only evidence accompanying the assessment, that values have been arrived at justly and properly in compliance with the statute, and to fulfill the rule of the Constitution. And the affidavit therefore appears to be made by the statute of the substance and not of the form of the assessment roll." Shattuck v. Bascom, 105 N. Y. 39, 12 N. E. 283; Sheiber v. Kaehler, 49 Wis. 291, 5 N. W. 817; Plumer v. Supervisors, 46 Wis. 177, 50 N. W. 416; Dickinson v. Reynolds, 48 Mich. 158, 12 N. W. 24; Paldi v. Paldi, 84 Mich. 346, 47 N. W. 512. The failure of the assessor, therefore, to annex to his return to the assessment roll the verification required by the statute, renders the proceedings defective, and the tax deed issued thereon voidable.

The judgment and order denying a new trial are affirmed.

SMITH and McCOY, JJ., not sitting.