THE PEOPLE ex rel. Glen Andrew, County Collector, Appellee, vs. THE CHICAGO, MILWAUKEE AND ST. PAUL RAILROAD COMPANY, Appellant.

*Opinion filed December 23, 1926.*

1. TAXES—*lump sum levies of road and bridge taxes are validated by act of 1925—penalties.* While a failure to comply with the provision of section 50 of the Road and Bridge act, requiring the levy of a town road and bridge tax to state separately the purposes for which it is made and the amount for each purpose, renders the levy, and the tax extended thereon, invalid, such levies are validated by the act of June 20, 1925, and judgment may be entered for such taxes subsequent to July 1, 1925, when the validating act took effect, as the failure to itemize is an irregular exercise of the taxing power which may be validated by curative act, but the court should not include in the judgment the penalties and interest accruing before July 1, 1925, while the tax was invalid.

2. SAME—*when appellant will be deemed to have waived objection.* Although the objection is made to town road and bridge taxes that they were levied without proper consent of the board of town auditors, where the objector does not raise the question in his brief and argument on appeal and in his reply brief does not answer the statement of appellee that the question is not involved in the appeal, he will be deemed to have waived the objection.

APPEAL from the County Court of Ogle county; the Hon. LEON A. ZICK, Judge, presiding.

SEYSTER & FEARER, (C. S. JEFFERSON, of counsel,) for appellant.

MARTIN V. PETERMAN, State's Attorney, (H. A. SMITH, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The county collector of Ogle county applied at the June term, 1924, of the county court of that county for a judgment for delinquent taxes of 1923. Appellant, Chicago, Milwaukee and St. Paul Railroad Company, filed objections to the road and bridge taxes for the towns of Monroe,

Scott, Marion, Byron, Leaf River, Maryland, Forreston, Flag, Dement and White Rock, on the ground that the levy of taxes in every one of the towns aforesaid was made and certified by the commissioner of highways in a lump sum and did not state separately the amounts levied for different purposes, as required by sub-paragraph 3 of paragraph (*b*) of section 50 of the Road and Bridge act, which provides that in determining the amount of taxes to be levied the highway commissioner of each town shall state separately the several amounts to be levied for the construction of roads, the maintenance of roads, the construction of bridges, the maintenance of bridges, the purchase of machinery, the repairs to machinery, the oiling of roads and the prevention and extirpation of weeds. The application for judgment was made at the June term, 1924, and after the hearing the county judge died while the case was in his hands for consideration and decision. Another county judge was elected, and at the October term, 1925, judgment was rendered against appellant, with penalties and interest from May 1, 1924, and for costs, and a sale of the railroad property was ordered. The court sustained objections to taxes in excess of fifty cents in the towns of White Rock, Dement, Marion and Maryland and overruled all other objections.

The only questions raised on this appeal are: (1) Did the court err in overruling of appellant's objections that the taxes in said towns were invalid because levied in a lump sum, as aforesaid? (2) Did the court err in rendering judgment for penalties and interest from May 1, 1924?

The record shows that the commissioners of highways made their levies in a lump sum, as already stated, and this is conceded by appellee. We have held in numerous decisions that a failure to comply with the said section of the statute, which requires the levy to state separately the purposes for which it is made and the amount levied for each purpose, renders the levy, and the tax extended thereon,

invalid. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 314 Ill. 455; *People* v. *Wabash Railway Co.* 316 id. 403; *People* v. *Chicago, Terre Haute and Southeastern Railway Co.* 317 id. 53; *People* v. *Chicago, Milwaukee and St. Paul Railway Co.* 319 id. 415.) The validating act approved June 20, 1925, validated the taxes in question. That act provides that in all cases where in any town a tax for road or bridge purposes has been heretofore and prior to the passage of this act levied and the commissioner of highways of such town has not itemized such tax, as provided by paragraph (*b*) (3) of section 50 of the Roads and Bridges act, such tax, if otherwise legal, is thereby declared valid. The failure of the town commissioners to itemize the taxes aforesaid is more than a mere irregularity which may be overlooked and held not fatal under section 191 of the Revenue act, as this court has heretofore held, but such failure was not such an irregularity or omission as may not be cured by a validating act. The irregularity aforesaid is simply an irregular exercise of power by the taxing authorities, and there can be no question that the legislature, by the validating act aforesaid, validated the irregular act of the taxing authorities, because the legislature in the first place, had it seen fit to do so, might have dispensed with the requirement that the taxing authorities should itemize the taxes or specify the purposes and the amounts for each purpose for which the taxes were levied. This case is not similar in that regard to those cases which hold that the town taxes for road and bridge purposes in excess of fifty cents cannot be levied without consent of the town auditors given in accordance with the statute. Such excess taxes levied without such consent by the highway commissioners are simply taxes levied without any power in the commissioners to levy them, because they have no such power in the absence of such consent. We therefore hold, in accordance with the cases of *People* v. *Wabash Railway Co.* 311 Ill. 579, *People* v. *Wisconsin Cen-*

*tral Railroad Co.* 219 id. 94, and *People* v. *Chicago, Burlington and Quincy Railroad Co.* 323 id. 536, that the validating act aforesaid, which became effective July 1, 1925, made valid the taxes in question, as judgment had not been entered for the taxes in question prior to July 1, 1925, and that the county court did not err in so holding.

As to the second question raised by appellant, we hold that the court erred in including the penalties and interest in the judgment that accrued before July 1, 1925. The validating act became effective on that date, and it then became the duty of appellant to pay the taxes immediately notwithstanding the fact that this suit had not been concluded. It was under no obligation to pay the taxes previous to July 1, 1925, because the law then in force did not require it to do so. It should not be penalized for instituting proceedings to have taxes that were illegally assessed declared invalid, and as the decision in this case should and would have been for appellant if it had been made before July 1, 1925, appellant ought not to be penalized for refusing to pay the penalty before that date.

No showing is made in appellant's brief and argument that the taxes of any of the towns aforesaid are void because the levy was made in excess of fifty cents without the legally expressed assent of the board of town auditors, although objections were made to the taxes levied for failure to obtain such assent. Appellee states in his brief that no such question appears to be involved in this appeal. Appellant in its reply brief does not challenge appellee's statement. It must therefore be assumed that there is no such question presented to us and that appellant has waived the consideration of such question.

The judgment of the county court is reversed as to the road and bridge taxes aforesaid and the cause is remanded, with directions to enter a judgment against appellant for such town taxes, with penalties only from and after July 1, 1925.    *Reversed and remanded, with directions.*