RAVENSDALE HOLDING CO., INC., Plaintiff, *v.* VILLAGE OF HASTINGS ON HUDSON, N. Y., Defendant.

HOMELAND OPERATING CO., INC., Plaintiff, *v.* VILLAGE OF HASTINGS ON HUDSON, N. Y., Defendant.

Supreme Court, Westchester County, July 27, 1935.

*Winfield L. Morse*, for the plaintiffs.

*William R. Hogan, Corporation Counsel*, for the defendant.

ALDRICH, J. This action is brought by the plaintiff to have canceled as illegal and void and a cloud on the title: (a) The assessment, for village taxes, of certain real property of the plaintiff, made in 1932 for the taxes for the fiscal year 1933; (b) the apparent lien upon said real property for the taxes levied under such purported assessment; and (c) the alleged tax sale and transfer of tax lien and the certificate thereof, and all proceedings in connection therewith, alleged to have occurred on the 13th day of March, 1934, for the non-payment of said taxes levied under said assessment.

The only oath attached to the assessment roll filed in 1932 is in the following form:

" STATE OF NEW YORK, COUNTY OF WESTCHESTER, VILLAGE OF HASTINGS ON HUDSON, *ss.:*

" I, the undersigned Assessor in and for the Village of Hastings on Hudson, New York, depose and swear that the foregoing assessment roll contains, to the best of my knowledge, a true statement of the property of persons, firms or corporations liable to assessment and taxation within the Village of Hastings on Hudson, as the same appears on the assessment roll. I have estimated the value of the real estate at the sums which I have decided to be the full assessable value thereof, according to the best of my knowledge and belief.

" WM. A. SARGENT

" Sworn to before me this 1st day of November, 1932.

" JOSEPH E. MURPHY

" *Notary Public,*

" *Westchester County, N. Y.*"

Subsequently, certain taxes upon the real property of the plaintiff, included in said assessment roll, were levied. Such taxes remaining unpaid on February 23, 1934, the village treasurer, by a notice dated that day, made publication for a sale. The notice recited, among

other things, that the board of trustees had directed him " to sell an interest in such property for unpaid tax of 1933, in conformity with the Statute in such cases made and provided." It then gave notice that the treasurer would proceed to sell at public auction, at a place specified, on March 13, 1934, at two o'clock in the afternoon of that day, " an estate in the following described real property, for which any person will take such property and pay the tax and the interest due, together with the expense of the sale." Then followed " a description of the property to be sold for unpaid taxes and amount due thereon." The property of the plaintiff was included in the notice. On the date specified such property was bid in for the benefit of the village, in the absence of any other bid therefor. Thereafter the plaintiff instituted this action. After the trial, and while briefs were in preparation, chapter 142 of the Laws of 1935 was enacted by the Legislature, in effect March 16, 1935. The act is entitled: " An act to legalize and validate the acts and proceedings of the assessor, board of trustees and officers of the village of Hastings on Hudson, in relation to the preparation of the assessment-roll, levying and collection of taxes and sale of tax liens in the village of Hastings on Hudson and raising of village funds, for each of the fiscal years beginning March first, nineteen hundred twenty-eight and ending February twenty-eighth, nineteen hundred thirty-five."

Section 1 of the act provides as follows: " Section 1. All acts and proceedings of the board of trustees and assessor of the village of Hastings on Hudson and of any officers of said village heretofore had and taken or caused to be had and taken in relation to the preparation of the assessment rolls and to the levying of taxes for each of the fiscal years beginning March first, nineteen hundred twenty-eight and ending February twenty-eighth, nineteen hundred twenty-nine, and the fiscal year beginning March first, nineteen hundred twenty-nine and ending February twenty-eighth, nineteen hundred thirty, and the fiscal year beginning March first, nineteen hundred thirty and ending February twenty-eighth, nineteen hundred thirty-one, and the fiscal year beginning March first, nineteen hundred thirty-one and ending February twenty-ninth, nineteen hundred thirty-two, and the fiscal year beginning March first, nineteen hundred thirty-two and ending February twenty-eighth, nineteen hundred thirty-three, and the fiscal year beginning March first, nineteen hundred thirty-three and ending February twenty-eighth, nineteen hundred thirty-four, and the fiscal year beginning March first, nineteen hundred thirty-four and ending February twenty-eighth, nineteen hundred thirty-five, and in relation to the raising of funds for village purposes and the collection of taxes for said fiscal years, and

for the sale of tax liens for said fiscal years, are hereby legalized, validated and confirmed, notwithstanding any limitations contained in any law or any irregularity or defect or omission in such acts or proceedings or lack of authority to perform such acts or take such proceedings."

Under such circumstances, what are the rights of the parties to this action? Prior to the passage of the validating act, the assessment roll, and the taxes attempted to be levied thereunder, were illegal for at least three reasons: *First*, because the oath attached to the assessment roll was not in the form required by law, inasmuch as it set forth therein that the value of the real estate had been estimated at the sum decided to be " the full assessable value " instead of " the full value " thereof. (Village Law, § 106; Tax Law, in 1932 old § 38, now § 28; *Hinckley* v. *Cooper*, 22 Hun, 253; *Shattuck* v. *Bascom*, 105 N. Y. 39; *Van Rensselaer* v. *Witbeck*, 7 id. 517.) *Second*, because the oath was verified before the third Tuesday in November fixed by law for grievance day, at which time complaints could be made with reference to such roll. (Village Law, § 105; *Westfall* v. *Preston*, 49 N. Y. 349.) *Third*, because the oath was not verified by the assessor and by the trustees or a committee of such trustees as required by the statute. (Village Law, §§ 105, 106; *People* v. *Inman*, 197 N. Y. 200.) In the absence of the validating statute, any attempted sale under such an illegal tax would be absolutely void. (*People* v. *Inman*, 197 N. Y. 200; *Shattuck* v. *Bascom*, 105 id. 39; *People* v. *Ladew*, 237 id. 413, at p. 423.)

The fact that this action was pending when the special act of the Legislature took effect does not prevent the application of the act in the case. (*People ex rel. American Exch. Nat. Bank* v. *Purdy*, 196 N. Y. 270; *United States* v. *Heinszen & Co.*, 206 U. S. 370; 27 S. Ct. 742; 51 L. Ed. 1098; *People ex rel. Andrew* v. *Chicago, M. & St. P. R. Co.*, 324 Ill. 43; 154 N. E. 472; *People ex rel. Rayland Realty Co.* v. *Fagan*, 230 N. Y. 653.) And even the entry of judgment before the passage of an act relating to a matter of public importance, such as taxation, has been held not to prevent the application of the statute to the rights of the parties. (*Rafferty* v. *Smith, Bell & Co.*, 257 U. S. 226; 42 S. Ct. 71; 66 L. Ed. 208; *Hodges* v. *Snyder*, 261 U. S. 600; 43 S. Ct. 435; 67 L. Ed. 819, affg. 45 S. D. 149; 186 N. W. 867; annotated on this point in 25 A. L. R. 1128.)

As a general rule the Legislature can ratify what it could have originally authorized. (*Charlotte Harbor & N. Ry. Co.* v. *Welles*, 260 U. S. 8; 43 S. Ct. 3; 67 L. Ed. 100.) The Legislature in the first instance might have dispensed entirely with the verification

to the assessment roll, and, therefore, it had the power to validate the assessment and the tax levied thereunder. (*Dunkum* v. *Maceck Building Corp.*, 256 N. Y. 275; *Ensign* v. *Barse*, 107 id. 329; *People* v. *Turner*, 117 id. 227; 145 id. 451, *Turner* v. *People* 168 U. S. 90; 18 S. Ct. 38; 42 L. Ed. 392; *Matter of Lamb*, 51 Hun, 633; affd., 121 N. Y. 703.) Such authorities justify the conclusion that the original assessment roll, and the tax levied thereunder, were validated by the act in question.

The subsequent tax sale, which occurred before the validating act was passed, stands on a different basis. This sale appears to have been conducted under the provisions of sections 119–125, inclusive, of the Village Law. Those sections were repealed generally in 1930 (Laws of 1930, chap. 661, § 5), along with sections 133–138, inclusive, but the theory probably was that all of those sections still remained in full force and effect with respect to villages in the county of Westchester by virtue of the provisions of section 125-a, as amended in 1928 (Laws of 1928, chap. 161, § 1), and which was not repealed in 1930. At any rate, the recitals in, and the terms of, the notice of sale clearly have relation to prior section 119. The notice does not conform to the recitals or provisions which would be expected in procedure under prior section 133. Nor is it in the form provided by new section 133 (Laws of 1934, chap. 17), relating to sales of tax liens in villages in Westchester county, which took effect on February 19, 1934, four days before the notice of sale in question is dated. By that new section 133 procedure thereunder is optional (Subds. 1, 29, 30). It is quite clear that the village attempted to exercise the option to proceed under prior section 119. It, therefore, attempted and purported to sell an estate in the property of the plaintiff. If valid, such a sale to the village would entitle the village to the remedies provided in sections 121–125, including the right to record the certificate of sale, to immediate possession and enjoyment of the real property, and to enforce that right by summary proceedings, and with the additional benefit of the presumption of regularity, etc., contained in section 136. (*Rice Memorial Hospital for Convalescents* v. *Village of North Tarrytown*, 187 App. Div. 855, at p. 858.)

While a retrospective statute may validate a tax void for failure to comply with any statutory requirement that the Legislature might have originally dispensed with, the power to validate a tax sale so as to make it effectual to transfer a title is much more limited. Where the proceedings are so fatally defective that no title passed, the Legislature cannot by a curative act make the sale valid, and thereby transfer the property of one person to another. (*People* v. *Inman*, 197 N. Y. 200; *Cromwell* v. *MacLean*, 123 id.

474; *Joslyn* v. *Rockwell*, 128 id. 334; *Wallace* v. *McEchron*, 176 id. 424.) The Legislature cannot make legal a tax sale which was theretofore absolutely void because of jurisdictional defects, and a curative act enacted for such a purpose is unconstitutional and void, because it is an attempt to deprive the owners of the land of their property without due process of law. (*Dunkum* v. *Maceck Building Corporation*, 256 N. Y. 275.) The act of 1935, therefore, did not validate the tax sale, or the proceedings in connection therewith, or any certificate issued thereunder.

This reasoning leads to the conclusion that the complaint must be dismissed so far as it seeks to cancel the assessment made in 1932 and the taxes levied thereunder in 1933, upon the ground that such assessment and tax were validated by the act of the Legislature, but that so far as the alleged tax sale, and all proceedings in connection therewith of March 13, 1934, and any certificate issued thereunder, are concerned, that the plaintiff is entitled to a judgment declaring the same void and canceling the same as a cloud upon the title. It will be so adjudged.

Section 341-b of the Village Law was not intended to apply to an action of this equitable nature. Even if it should be considered so to apply, the plaintiff is not deprived of such relief in this action to the extent that such relief is heretofore indicated. The cause of action to cancel the tax sale and the proceedings in connection therewith, and the certificate of such sale, as a cloud upon the title, accrued at the date of the sale on March 13, 1934. The claim was filed within six months, and the action commenced within one year thereafter.

Under the circumstances, costs will be allowed to the plaintiff. Settle findings, etc., upon two days' notice at chambers, Poughkeepsie.