CITY OF UTICA, Respondent, *v.* WILLIAM B. WEAVER, Appellant.

Fourth Department, November 14, 1956.

*Arthur J. Foley, Jr.,* for appellant.

*Stanley B. Palewski, Corporation Counsel (J. Herbert Gilroy* of counsel), for respondent.

WHEELER, J.  In 1940 the City of Utica adopted the provisions of title 3 of article VII-A of the Tax Law, providing for the foreclosure of tax liens by actions in rem and creating an expeditious and inexpensive method of enforcing delinquent municipal taxes.  In 1943 the city treasurer filed in the county clerk's office a list of properties affected by unpaid tax liens, thereby commencing an in rem foreclosure action (Tax Law, § 165-a, subd. 4).  Included in the list were premises assessed to appellant, who neither appeared, answered, nor redeemed. The action terminated in a judgment of August 18, 1943, which directed the city treasurer to execute a deed conveying full and complete title to the City of Utica.  That deed was given on the same day and recorded on the following day.  There were subsequently several other conveyances.  In 1950 appellant made a motion in the Oneida County Court for an order opening his default in the foreclosure action (i.e., permitting him to answer or redeem), setting aside the final judgment of August 18, 1943, canceling of record the several deeds, and bringing in the various grantees as additional parties defendant. This appeal is taken from an order of July 31, 1951, denying the motion, so that what was thought to be settled and certain 13 years ago is now sought to be undone.

Included in the motion papers is a proposed answer, which contains quite a number of alleged de'fenses. While we are not persuaded of their merit, it is unnecessary to discuss them here, for in our opinion subdivision 7 of section 165-h of the Tax Law fully justifies the order appealed from. Article VII-A as originally enacted contained no such section. It soon became apparent that deviations from the prescribed procedure might unsettle tax titles into the indefinite future (see, e.g., *City of New Rochelle* v. *Stevens,* 271 App. Div. 977, affd. 297 N. Y. 533). The legislative response to this problem was the enactment of subdivision 7 of section 165-h, effective April 3, 1948: "7. Every deed given pursuant to the provisions of this section shall be presumptive evidence that the action and all proceedings therein and all proceedings prior thereto from and including the assessment of the lands affected and all notices required by law were regular and in accordance with all provisions of law relating thereto. After two years from the date of the record of such deed [August 19, 1943], the presumption shall be conclusive, unless at the time that this subdivision takes effect the two-year period since the record o'f the deed has expired or less than six months of such period of two years remains unexpired, in which case the presumption shall become conclusive six months after this subdivision takes effect. No action to set aside such deed may be maintained unless the action is commenced and a notice of pendency of the action is filed in the office of the proper county clerk prior to the time that the presumption becomes conclusive as aforesaid." In consequence of that statute, on October 3, 1948 — six months after its effective date and long before this motion was made — this "action and all proceedings therein and * * * prior thereto" were conclusively presumed "regular and in accordance with all provisions of law relating thereto".

The effect of such provisions, amounting in substance to a Statute of Limitations, has often been considered by the courts o'f this State. In *Dunkum* v. *Maceck Bldg. Corp.* (256 N. Y. 275, 285) it was said that "the Legislature may legally enact a Statute o'f Limitations to prevent the assertion of a right to question the validity of a tax title of vacant and unoccupied lands because of jurisdictional de'fects in the sale and in the proceedings leading thereto, provided a reasonable time is given for the assertion of the right before the statute becomes operative". Where such a statute applies, it is immaterial whether the tax sale is attacked for jurisdictional errors or mere irregularities; if the attack comes too late, it must

fail in either event (*Meigs* v. *Roberts,* 162 N. Y. 371, 377; *Bryan* v. *McGurk,* 200 N. Y. 332, 335; *Robbins* v. *Abrew,* 275 N. Y. 233, 237; *Doud* v. *Huntington Hebrew Congregation,* 178 App. Div. 748). The only qualification is that the statute allow a reasonable time for the assertion of pre-existing rights. Subdivision 7 of section 165-h, as applied to this case, allows a period of six months, and that has been held to be reasonable (*Halsted* v. *Silberstein,* 196 N. Y. 1, 15).

In the *Halsted* case (*supra*) the court held that the assessment in 1875 of the premises as nonresident was erroneous. However, chapter 448 of the Laws of 1885 provided, with respect to tax deeds, that '' all such conveyances　*　*　*　after having been recorded for two years　*　*　*　and all outstanding certificates of a tax sale heretofore held by the comptroller that shall have remained in force for two years after the last day allowed by law to redeem from such sale shall, six months after this act takes effect, be conclusive evidence '' of the regularity of all proceedings. The court held the statute controlling and stated: '' It is well settled that a statute of limitations intended as a retrospective law must give a person reasonable time to enforce a remedy available to him before the bar of the statute will apply. In this case the statute gives a period of six months and that has been recognized by the courts as reasonable ''. The court distinguished its decision in *Ensign* v. *Barse* (107 N. Y. 329), which involved not a Statute of Limitations but a curative statute, held to be effective to cure irregularities but not jurisdictional defects. The statute did not limit the time within which to bring an action or otherwise attack the deed. Rather it pronounced that what was originally wrong should by the lapse of time be considered right (cf. *Ravensdale Holding Co.* v. *Village of Hastings on Hudson,* 156 Misc. 777). Such a pronouncement will remedy irregularities in the prior proceedings, but not even the Legislature may breathe life into proceedings which at the time were jurisdictionally void. However, the Legislature may validly provide that, right or wrong, such proceedings shall after the lapse of a specified period of time be immune 'from attack, provided a reasonable time is allowed for the assertion of existing remedies. And if such remedies are not invoked within such a period of time, then the prior proceedings are beyond challenge. Such a statute is no different in its operation than any other Statute of Limitations. A completely void claim may ripen into a perfect title if those having a superior right choose not to assert it within the period fixed by law. And in the case of

tax titles, public policy requires that the period be relatively short.

We do not believe that the principles discussed above, established in this State for over half a century, were unsettled by the recent decision in *Cameron Estates* v. *Deering* (308 N. Y. 24). The opinion does not purport to overrule any of the earlier cases and must be read in the light of the fact that in that case no tax was due. Judge Dye emphasized that '' the right to sell the plaintiff's property in foreclosure proceedings for nonpayment of the taxes never existed '' (p. 30). It was held that since there was absolutely no basis for the proceeding in the first place, section 53 of the Suffolk County Tax Act (L. 1929, ch. 152, as amd.) could not validate the sale. The court distinguished *Matter of Kantor* [*Hunter*] (280 App. Div. 605) on the ground that '' There the property had been sold for *nonpayment* of taxes. In conducting the sale posting procedure was not followed, rendering the sale jurisdictionally defective ''. The Second Department had held in the *Kantor* case (pp. 608–609) that section 53 was '' a valid Statute of Limitations, and bars the assertion by respondents of a title superior to the petitioner's in this proceeding, despite jurisdictional defects leading to the tax sale ''. Judge Dye stated that '' no one can quarrel with the rationale of the *Kantor* case (*supra*),'' (p. 31) but he was unwilling to extend it to a situation in which no tax was due and '' the right to initiate the proceeding never existed ''. In the present case, on the other hand, it is not questioned that taxes were due and had been for several years. The validity of the assessment and of the tax is unquestioned. No one denies that appellant's premises were liable to be taken in satisfaction of the tax; the most that is argued is that the proceedings were rendered jurisdictionally void by deviations from the prescribed procedure. That being so, the case is similar to *Matter of Kantor* (*supra*), which is at least inferentially approved by *Cameron Estates* v. *Deering* (*supra*), and the rationale of the latter case has no bearing here.

There is no doubt that the above principles apply to article VII-A of the Tax Law (*Town of Somers* v. *Covey,* 283 App. Div. 883, affd. 308 N. Y. 798, revd. on other grounds 351 U. S. 141; *City of Peekskill* v. *Perry,* 272 App. Div. 940; see, also, *City of New York* v. *Lynch,* 281 App. Div. 1038, affd. 306 N. Y. 809; *City of New York* v. *Jackson-140 Realty Corp.,* 279 App. Div. 668). Therefore, both irregularities and jurisdictional defects are beyond attack by reason of the running of the Statute of Limitations. If the default were opened and appellant per-

mitted to answer, no defense could be asserted which could not be immediately refuted by the conclusive presumption of regularity.

Furthermore, this court has required a defendant who seeks relief from his own default to show a meritorious defense and a fair excuse (*Hogan* v. *Johnson,* 241 App. Div. 914), and we have held that the application may be denied for laches (*Tomoser* v. *Hegyi,* 1 A D 2d 759). No adequate excuse has been offered for the failure to answer or redeem or for the long delay in making the motion. Over seven years elapsed since the judgment before appellant moved to open the default. By then the rights of five grantees had intervened. They relied on the foreclosure proceeding which appellant had not troubled himself to attack. He nowhere denies that he knew of the pendency of a foreclosure proceeding or that he knew his property had been taken by the City of Utica. As we said in *City of Buffalo* v. *Hawks* (226 App. Div. 480, 484, affd. 251 N. Y. 588), " the duty rests upon the owner to keep himself informed concerning his real property ". When he knows he is losing it, he should diligently move to assert his rights, and he may not stand quietly by for seven years while the rights of innocent third parties intervene and the proceedings are by statute conclusively presumed regular and beyond attack. If that were permitted, there would be no such thing as finality in a foreclosure action.

The order should be affirmed.

All concur. Present— McCurn, P. J., Vaughan, Kimball, Wheeler and Williams, JJ.

Order affirmed, with $10 costs and disbursements.