JOHN PORTER v. THE CHICAGO, IOWA & DAKOTA RAILWAY COMPANY, Appellant.

**Statute of Limitations:** OPEN ACCOUNT. Plaintiff commenced work for defendant railroad company in 1882, and worked until 1888, without any fixed agreement as to salary, when the directors fixed his salary at a certain sum for the current year. On the meeting of the board in 1889, plaintiff presented an account for services from 1884 to 1888, which was allowed and ordered paid; and thereafter, in the same year, plaintiff's salary was fixed at a certain sum "annually for the year commencing June 1, 1889, and continuing at that rate until otherwise ordered." Plaintiff continued in the company's employ until 1894, having received in 1893, a payment on the sum allowed by the directors in 1889, for services rendered between 1881 and 1888, and sues for the balance. *Held*, that, in the absence of a showing that the sum found due on the settlement made in 1889 had been carried forward on the books of the company as a continuing account, plaintiff's claim was not on a continuous, open, and current account, within the statute of limitations.

The claim of an officer of a corporation against the corporation for services under various resolutions, each fixing his compensation for a definite term, is not in the nature of an open account within the exception of the statute of limitations in favor of open accounts.

A creditor cannot for the purpose of avoiding the statute of limitations change the character of an account from a stated account to an open and continuous one, by connecting it with items arising subsequently to the statement of the account.

*Same.* Such claim was an account stated, within the statute limiting the time for bringing actions on such accounts.

ADMISSION OF DEBT. Statement in writing by a debtor that there is a specified amount due the creditor, is not such an admission or

acknowledgement of the balance of the claim over such amount, as will take it out of the statute of limitations.

**Payment by Third Person: PRIVITY:** *Release.* Payment or settlement of a claim by a third person, and acceptance of the same by the creditor in satistaction of the debt, operates as an extinguishment of it, and estops the creditor from afterwards maintaining an action against the original debtor, where the latter ratifies the same.

SAME. Plaintiff had an account with defendant railroad company for services rendered as general manager, and at a meeting of the directors of the company, was empowered to make settlement with one B, who was the principal stockholder, of all matters in which the company had an interest. The contract between plaintiff and B, recited that B had certain notes against plaintiff, and that plaintiff agreed to pay the notes, or in lieu thereof, surrender certain bonds, and cancel, "so far as it relates to Mr. B's interests either personally, or as interested" in the defendant company, an account which plaintiff held against the company. *Held,* that it was error to refuse to allow defendant to show that the account referred to in the contract was the account in suit, and had been fully paid by B, on the ground that the contract disclosed no privity between plaintiff and defendant.

*Appeal from Hardin District Court.*—HON. S. M. WEAVER, Judge.

MONDAY, OCTOBER 19, 1896.

THIS action was commenced by plaintiff on September 10, 1894, to recover the balance alleged to be due him on an account stated, for services rendered the defendant, as its president and general manager, during the years 1884, 1885, 1886, 1887 and 1888. A demurrer to the petition, based upon the statute of limitations, was confessed; and plaintiff thereupon amended his petition, and asked compensation for work and labor performed at the instance and request of defendant during the years 1884 to 1894, inclusive. In this amendment he claimed that the account between him and defendant was a continuous and open one, and that the accounting had between them in 1889, was made solely in order to fix the amount of

plaintiff's compensation for services rendered prior to that time. He further alleged that his employment was continuous, and for such compensation as the parties might, from time to time, agree upon. The defense was—*First*, a general denial; *second*, the statute of limitations; *third*, payment and settlement of the account. A trial, on the issues so joined, was had to a jury, resulting in a verdict and judgment for plaintiff, and defendant appeals.—*Reversed.*

*Clarence B. Mitchell, Rush Taggart,* and *Albrook & Lundy* for appellant.

*W. J. Moir* and *J. C. Cook* for appellee.

DEEMER, J.—Plaintiff commenced work for the defendant company in the early part of the year 1882, before its road was built and ready for operation. The rails were laid to Eldora in the latter part of that year, and plaintiff, at the request of the then president, David Secor, assumed the control and management of the line. The board of directors of defendant had knowledge that plaintiff was operating the road, but took no formal action with reference to it until June 17, 1886, at which time plaintiff was elected vice-president and general manager of the corporation. On June 6, 1887, plaintiff was again elected general manager, and on June 4, 1888, the following resolution was adopted: "On motion, the salary of the general manager was fixed at $2,000.00 for the current year, ending first Monday in June, 1889." This is the first record which purports to fix the plaintiff's salary. At the June, 1889, meeting of the board, plaintiff presented an account against the company for services rendered from 1884 to some time in the year 1888, showing a balance claimed to be due of three thousand seven hundred and fifty dollars. This

account was, on motion, allowed and ordered paid. In December of the year 1889, the salary of plaintiff as president and general manager of the road, was fixed by a motion "at the rate of $2,000.00 annually for the year commencing June 1st, 1889, and continuing at that rate until otherwise ordered." Plaintiff continued in the employ of the company, receiving compensation from time to time for his services, until the month of July, 1894, and, at the time of the commencement of this suit, had received all that was due him, except what remained unpaid of his claim for services from 1884 to 1888, which had been allowed at the June, 1889, meeting of the board. There had been paid on this claim, November 21, 1893, the sum of one thousand dollars. It is for the balance due that this suit is brought.

The defendant insists that the claim is barred by the statute of limitations, and its insistence is conceded to be good, if the action is treated as upon an account stated. The plaintiff, to avoid the statute, contends, however, that his action is upon "a continuous, open, current account," and that the statute commenced to run from the date of the last item; that the balance struck in 1889, was carried forward into, and became a part of, the general account between the parties; and that his claim is not upon an account stated. It may be that if the proofs showed that the ascertained balance arrived at in 1889, had been carried into a general account between the parties, and that they each regarded the account as a continuing one, plaintiff's contention would be sound, although there are respectable authorities holding to a contrary doctrine. But in this case the plaintiff did not prove any general account between the parties. He proved an election and employment from year to year, at a fixed salary, for a portion of the time, but did not prove an open, current, continuous

account. He showed the 1889 settlement, and the
payment of the one thousand dollars, and referred but
incidentally to his subsequent employment. It
appears that his salary was fully paid for each and
every year, subsequent to, and including, the year 1889.
The balance due on the settlement had in that year
was not carried upon the books of the company, nor
did plaintiff make any account of it, as we understand it.
As said by Miller, J., in *Tucker v. Quimby*, 37 Iowa, 17:
"A continuous, open, current account is an account
which is not interrupted or broken, not closed by set-
tlement or otherwise, and is a running, connected
series of transactions." One of the reasons why the
statute of limitations does not commence to run
against an open, current, continuous account, is that
the obligation of the debtor is to pay the balance
which remains after the account is closed, and not
each item as it is rendered from day to day, or from
month to month. It is the constantly varying balance
which is the debt. When the account is closed, by
settlement or otherwise, it becomes an account stated,
and a new promise, either express or implied, arises
to pay the ascertained amount. Angell Lim., section
150. The statute (McClain's Code, section 3736), is
modeled upon the decision in *Catling v. Skoulding*, 6
Term R. 189; and the English courts have universally
held that as soon as an account ceases to be open, and
the balance is ascertained and assented to, it becomes
a stated account, and is at once subject to the operation
of the statute. See *Waller v. Lacy*, 1 Manning
& G. 54. It is doubtless true that the creditor
may, for certain purposes, disregard the settle-
ment, and maintain his suit upon the original items,
but he cannot by so doing change the character of the
account from a stated to an open, current and con-
tinuous one, for the purpose of avoiding the statute
of limitations; for the plain reason that the account

is no longer an open and current one. In the case of *Inhabitants of Belchertown v. Bridgman,* 118 Mass. 486, it is said: "An account stated has always been held to bring a merchant's account, as well as a mutual and open account current, within the operation of the statute of limitations, or rather to take it out of the exception. So that all claim on account of previous items of the account will be barred in six years thereafter, although the balance itself may be carried forward into a new account." Many cases are cited in support of the doctrine; among them, *Toland v. Sprague,* 12 Pet. 300. In this case it is said: "But when an account is stated between the parties, or when anything shall have been done by them which by their implied admission is equivalent to a settlement, it has then become an ascertained debt.  *  *  * In short, when there is a settled account, that becomes the cause of action, and not the original account. *  *  * In the language of the court of appeals of Virginia, *Watson v. Lyle,* 4 Leigh, 249, all intricacy of account, or doubt as to which side the balance may fall, is at an end." See, also, *Bank v. Knapp,* 3 Pick. 96.

Another consideration leads to the same result. The plaintiff's claim is not in the nature of open account. Plaintiff was from time to time elected to the office which he held, and his compensation was fixed from time to time for his services. each term was as much a separate service or employment as was that of the plaintiff in the case of *Griffin v. Clay County,* 63 Iowa, 413 (19 N. W. Rep. 327). In that case the plaintiff was the officer of a public corporation. In this he was the officer of a private corporation. The rule, however, is as applicable, we think, to one service as the other.

Plaintiff further contends that the bar of the statute was removed by an admission in writing by

defendant, that the debt is unpaid.    The writing relied upon is as follows:

"Chicago, Iowa & Dakota R. R. to John Porter, Dr.    For amount to apply on account stated, passed and allowed by board of directors of Chicago, Iowa & Dakota Railway Company at a meeting held June 3, 1889, $1,000.00.

"Audit 5,789.    I hereby certify that this amount is correct.    W. S. Porter, Auditor.

"Approved:    John Porter, Gen'l Man'g'r.

"Received Nov. 21, 1893, of the Chicago, Iowa & Dakota Railway Co., the sum of one thousand dollars, in full of above account.    John Porter."

There is no such issue as this made by the pleadings, and the case was not tried upon this theory in the court below.    We, therefore, have no occasion to consider the question presented in argument.    We may, however, remark that there is no admission made in the statement signed by the auditor and general manager of the road, that anything more was due than the one thousand dollars, which was at that time paid.    See *Hale v. Wilson,* 70 Iowa, 311 (30 N. W. Rep. 739).    The court below was in error in refusing the instructions asked by defendant, which were in harmony with this opinion.

II.    The defendant also pleaded a settlement and payment of plaintiff's claim made by one J. I. Blair, one of the principal stockholders in the defendant corporation.    The court, in effect, charged the jury that no such settlement was proven as would relieve the defendant from liability. The theory of the learned district judge seems to have been that, as the settlement was made by Blair, and not by the defendant, the defendant could not rely upon it.    Much of the evidence sought to be adduced by the defendant on this issue was excluded by the court because of his view of the law applicable to this

case. But we gather the following to be some of the facts with reference to this settlement: In the year 1894, some controversy arose between the stockholders of the corporation, and in order to settle their disputes, the parties, on the fourth day of May, 1894, entered into a written contract scaling down the stock, and apportioning the bonds among the several signers of the agreement. On the next day, Blair, who was the principal stockholder, through his representative and attorney, Clarence B. Mitchell, entered into the following contract with Porter:

"Whereas, John I. Blair holds two notes against me, one for $2,000.00, and one for $1,000.00; * * * and whereas, said Blair holds bonds of the Chicago, Iowa & Dakota Railway Company for said notes to the amount of $3,500.00: Now, therefore, intending to waive any defense arising out of the statute of limitations, I hereby promise to pay the sums called for by said notes, or, in lieu thereof, to surrender to said John I. Blair $3,500.00, par value, of the Chicago, Iowa & Dakota bonds, scaled down as contemplated in an agreement of this date, and also cancel, so far as it relates to Mr. Blair's interests, either personally, or as interested in said Chicago, Iowa & Dakota Railway Co., an account which I hold against said company for, say, $2,250.00. Upon delivery of which bonds Mr. Blair is to return to me those now held by him in pledge. Dated this 5th day of May, 1894. John Porter.

"I approve the above settlement of Mr. Porter's indebtedness. Clarence B. Mitchell, for John I. Blair."

The defendant attempted to prove that the account referred to in this agreement was the one in suit, but the court would not let it do so. Defendant also attempted to show that the agreement was fully carried out by Mr. Blair, but this was not permitted. It is also well to state, for a better understanding of

the point presented, that at a meeting of the defendant's board of directors, held in June, 1892, plaintiff was empowered to make settlement with John I. Blair of all matters and things in which the company had any interest. It is manifest from what has been stated, that the court was in error in rejecting the testimony offered by the defendant. It should have been permitted to show that the account referred to in the settlement was the one in suit, and that Blair fully carried out his part of the agreement. It is said, however,—and the lower court evidently adopted this view,—that there is and was no privity of contract between the parties to this litigation in the settlement between plaintiff and Blair. Let it be conceded, for the purpose of the case, that this contention is true, and yet it does not follow that the claim may not have been settled. Payment or settlement of a claim by a third person, and an acceptance of the same by the creditor in satisfaction of the debt, operates in some cases, at least, as an extinguishment of it, and will estop the creditor from afterwards maintaing an action against the original debtor. Such seems to be the almost universal voice of authority, where the debtor ratifies the act of payment. *Harvey v. Tama County*, 53 Iowa, 228 (5 N. W. Rep. 130); *Gray v. Herman* (Wis.) (44 N. W. Rep. 248). But, however this may be, Blair, as the principal stockholder, was deeply interested in the settlement of this claim. In securing the adjustment of plaintiff's account, he was not only acting for himself, but for the corporation as well; and, although he is not a party to the record, yet he was no stranger to the claim. Moreover, it seems to us that the release of Blair, as a stockholder in the defendant corporation, from the obligation of the claim in suit, conceding that he was liable therefor, must operate to discharge the corporation itself; for it is a general rule that a release or relinquishment of an indebtedness as to one

or two joint, or joint and several, debtors, is a release of all. It is true that this rule has some exceptions. As, for example, if, looking to the whole instrument, the relations and circumstances of the parties, they cannot reasonably be supposed to have so intended, the agreement will be construed to be one not to charge the party released. In this case, however, the evidence tended strongly to show a release in full of the claim, and the case should have gone to the jury, for them to determine, from all the surrounding circumstances, whether a full release was intended.

Other questions are discussed by counsel, but our disposition of the case renders them unimportant, and we therefore will not discuss them. For the reasons pointed out, the judgment is REVERSED.