## TURNER v. NEW YORK.

ERROR TO THE COURT OF APPEALS OF THE STATE OF NEW YORK.

No. 41. Argued April 19, 20, 1897. — Decided October 18, 1897.

The statute of New York of 1885, c. 448, providing that deeds from the comptroller of the State of lands in the forest preserve sold for non-payment of taxes shall, after having been recorded for two years, and in any action brought more than six months after the act takes effect, be conclusive evidence that there was no irregularity in the assessment of the taxes, is a statute of limitations, and does not deprive the former owner of such lands of his property without due process of law in violation of the Fourteenth Amendment of the Constitution of the United States.

THIS was an action of replevin, brought April 11, 1887, in behalf of the State of New York by the forest commissioners of the State against Turner, in the Supreme Court of the county of Franklin and State of New York, to recover a quantity of logs cut by him upon lands in that county and within the forest preserve of the State, between September 1, 1886, and March 25, 1887. The answer denied the allegations of the complaint, and alleged that at the time mentioned therein the defendant was the owner and in possession of the lands.

The material facts of the case, as found by a referee, were as follows: On October 12, 1877, the lands, being then owned by one Norton, were sold by the comptroller of the State of New York for unpaid taxes of the years from 1866 to 1870 inclusive, and were bid in by the comptroller in behalf of the State, and conveyed by him to the State by deed dated June 9, 1881, and recorded June 8, 1882. The defendant, more than nine years after that sale, acquired Norton's title in the land. The land was wild forest land, uncultivated, unimproved, unenclosed, and with no dwelling house or other building thereon. Neither the State nor any officer thereof ever took actual possession of the land; and no part of it was in occupancy of any person on October 12, 1879, when the

period of two years allowed by law for redemption from the comptroller's sale expired.

At the trial before the referee, the defendant, in order to prove the invalidity of the comptroller's deed by reason of illegality in the assessment of the taxes for the years 1867 and 1870, offered to show that the oath of the assessors to the assessment roll of 1867 was taken on August 10, instead of on the third Tuesday of August; and that the assessors omitted to meet on the third Tuesday of August, 1870, to review their assessments for that year.

The plaintiff objected to the evidence as immaterial, because the comptroller's deed was made conclusive evidence of those matters by the statute of New York of 1885, c. 448, which is copied in the margin.[1] The defendant contended that this

---

[1] An Act to amend chapter four hundred and twenty-seven of the laws of eighteen hundred and fifty-five, entitled " An act in relation to the collection of taxes on lands of non-residents and to provide for the sale of such lands for unpaid taxes."

SECT. 1. Section sixty-five of chapter four hundred and twenty-seven of the laws of eighteen hundred and fifty-five, entitled " An act in relation to the collection of taxes on lands of non-residents and to provide for the sale of such lands for unpaid taxes," is hereby amended so as to read as follows:

§ 65. Such conveyances shall be executed by the comptroller, under his hand and seal, and the execution thereof shall be witnessed by the treasurer or deputy comptroller; and all such conveyances that have been heretofore executed by the comptroller, and all conveyances of the same lands by his grantee or grantees therein named, after having been recorded for two years in the office of the clerk of the county in which the lands conveyed thereby are located, and all outstanding certificates of a tax sale heretofore held by the comptroller that shall have remained in force for two years after the last day allowed by law to redeem from such sale shall, six months after this act takes effect, be conclusive evidence that the sale and all proceedings prior thereto, from and including the assessment of the land, and all notices required by law to be given previous to the expiration of the two years allowed by law to redeem, were regular and were regularly given, published and served according to the provisions of this act, and all laws directing or requiring the same or in any manner relating thereto; and all other conveyances or certificates, heretofore or hereafter executed or issued by the comptroller, shall be presumptive evidence of the regularity of all the said proceedings and matters hereinbefore recited, and shall be conclusive evidence thereof from and after the expiration of

statute was invalid as contrary to the first section of the Fourteenth Article of Amendment to the Constitution of the United States. But the referee sustained the plaintiff's objection to the evidence, and directed judgment for the plaintiff, which was accordingly rendered by the court, and affirmed by the Court of Appeals. 145 N. Y. 451. The defendant sued out this writ of error.

*Mr. Frank E. Smith* for plaintiff in error. *Mr. Thomas F. Conway* was on his brief.

*Mr. T. E. Hancock*, Attorney General of the State of New York, and *Mr. William Henry Dennis* for defendant in error.

Mr. Justice Gray, after stating the case, delivered the opinion of the court.

On May 15, 1885, the legislature of New York, by the statute of 1885, c. 283, declared that all the lands then owned or thereafter acquired by the State of New York within certain counties (one of which was Franklin county) should constitute and be known as the forest preserve; and established a forest commission of three persons, styled forest commissioners, to " have the care, custody, control and superintendence of the

---

two years from the date of recording such other conveyances, or of four years from and after the date of issuing such other certificates. But all such conveyances and certificates and the taxes and tax sales on which they are based shall be subject to cancellation, as now provided by law, on a direct application to the comptroller, or an action brought before a competent court therefor, by reason of the legal payment of such taxes, or by reason of the levying of such taxes by a town or ward having no legal right to assess the land on which they are laid.

Sect. 2. The provisions of this act are hereby made applicable only to the following counties, viz. Clinton, Delaware, Essex, Franklin, Fulton, Greene, Hamilton, Herkimer, Lewis, Saratoga, St. Lawrence, Sullivan, Ulster, Warren and Washington, but shall not affect any action, proceeding or application pending at the time of its passage; nor any action that shall be begun, proceeding taken or application duly made within six months thereafter for the purpose of vacating any tax sale or any conveyance or certificate of sale made thereunder.

Sect. 3. This act shall take effect immediately.

forest preserve," and "to maintain and protect the forests now in the forest preserve, and to promote as far as practicable the further growth of forests thereon;" and authorized them to appoint a warden and other officers, and to exercise various powers to carry out its object.

At the date of the passage of that statute, the time allowed by law for the redemption of lands from sale by the comptroller for non-payment of taxes was two years from the time of sale. New York Stat. 1855, c. 427, § 50.

On June 9, 1885, the legislature of the State passed the statute of 1885, c. 448, to take immediate effect, which provided that all conveyances, thereafter executed by the comptroller, of lands, in the same counties, sold by him for non-payment of taxes and having been recorded for two years in the clerk's office of the county in which the lands lay, should, "six months after this act takes effect, be conclusive evidence that the sale and all proceedings prior thereto, from and including the assessment of the land, and all notices required by law to be given previous to the expiration of the two years allowed by law to redeem, were regular" and as required by law; but that all such conveyances and the taxes, and tax sales on which they were based, should "be subject to cancellation, as now provided by law, on a direct application to the comptroller, or an action brought before a competent court therefor, by reason of the legal payment of such taxes, or by reason of the levying of such taxes by a town or ward having no legal right to assess the land on which they are laid."

The land now in question was sold by the comptroller to the State October 12, 1877; the time allowed by law for redeeming the land from that sale expired October 12, 1879; the comptroller's deed to the State was made June 9, 1881, and recorded June 8, 1882. It had therefore been on record for three years when the statute of June 9, 1885, was passed and took effect; and by the terms of this statute, on December 9, 1885, the comptroller's deed became conclusive evidence that there was no irregularity in the assessment of any of the taxes for non-payment of which the land had been sold and

conveyed to the State. This action was brought April 11, 1887.

The statute, according to its principal intent and effect, and as construed by the Court of Appeals of the State, was a statute of limitations. *People* v. *Turner*, 117 N. Y. 227; *Same* v. *Same*, 145 N. Y. 451. It is well settled that a statute shortening the period of limitation is within the constitutional power of the legislature, provided a reasonable time, taking into consideration the nature of the case, is allowed for bringing an action after the passage of the statute and before the bar takes effect. *Terry* v. *Anderson*, 95 U. S. 628, 632, 633; *In re Brown*, 135 U. S. 701, 705–707.

The statute now in question relates to land sold and conveyed to the State for non-payment of taxes; it applies to those cases only in which the conveyance has been of record for two years in the office where all conveyances of lands within the county are recorded; and it does not bar any action begun within six months after its passage. Independently of the consideration that before the passage of the statute the plaintiff had had eight years since the sale, and three years since the recording of the deed, during which he might have asserted his title, this court concurs with the highest court of the State in the opinion that the limitation of six months, as applied to a case of this kind, is not repugnant to any provision of the Constitution of the United States.

It was argued in behalf of the plaintiff in error that the statute was unconstitutional, because it did not allow him any opportunity to assert his rights, even within six months after its passage. But the statute did not take away any right of action which he had before its passage, but merely limited the time within which he might assert such a right. Within the six months, he had every remedy which he would have had before the passage of the statute. If he had no remedy before, the statute took none away. From the judgments of the Court of Appeals in the case at bar, and in the subsequent case of *People* v. *Roberts*, 151 N. Y. 540, there would appear to have been some difference of opinion in that court upon the question whether his proper remedy was by direct appli-

cation to the comptroller to cancel the sale, or by action of ejectment against the comptroller or the forest commissioners. But as that court has uniformly held that he had a remedy, it is not for us to determine what that remedy was under the local constitution and laws.

It was also argued that the plaintiff in error was in possession of the land and could not be put to his action. But the decision below that he was not in possession involved no Federal question, or any other question of law, but a mere inference of fact from the evidence, which this court is not authorized to review on writ of error. *Dower* v. *Richards*, 151 U. S. 658; *Egan* v. *Hart*, 165 U. S. 188.

*Judgment affirmed.*