McNEAL v. CENTRAL GREYHOUND LINES, Inc.

Civil Action No. 21870.

District Court, N. D. Ohio, N. D.

April 17, 1945.

Marvin C. Harrison, of Cleveland, Ohio, for plaintiff.

William H. Thomas and Arnold M. Edelman, both of Cleveland, Ohio, and Hayes Kennedy, of Chicago, Ill., for defendants.

582

WILKIN, District Judge.

This is an action for overtime compensation plus liquidated damages under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. There were three defenses: 1. Defendant claimed the action was barred by the Statute of Limitations. 2. That the plaintiff was exempt from the Act because he was an executive or administrative employee as defined in the Regulations adopted pursuant to Section 13(a)(1). And 3. That the plaintiff had given a receipt and release for the claim set forth in the complaint. Submitted on the evidence and briefs.

■ The limitation relied on is that set forth in Section 11225, G.C. of Ohio, which limits an action for a penalty to one year after its accrual. In view of the holding of the Supreme Court that the liquidated damage provision of the Act is not penal or punitive (Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682, and Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 65 S.Ct. 895, 89 L.Ed. 1296), this court concludes that the Ohio statute is not effective to bar this action. Counsel for defendant points out that in these cases in which the Supreme Court held that additional damages were not a penalty, the court was not construing a statute of limitations. But what the court says about the legislative policy behind the Act constrains this court to hold that the Act should not be construed as imposing such a penalty as is mentioned in Section 11225, G.C. of Ohio.

■ Coming to the second defense, this court was convinced by the evidence that the plaintiff is exempt from the Act. Counsel admitted at time of trial that he served as an executive or administrative officer after August, 1941. During the period prior to that date, which was affected by the Act, the plaintiff was employed as paymaster. His chief duty was the preparation of pay rolls and the "coding" of pay rolls. There were other employees in the pay roll department, but it was the plaintiff's duty to see "that the work got done". He had complete jurisdiction over the employees in his department. His suggestions and recommendations as to salaries, increases, discharge, and discipline, were acted upon. He had supervisory jurisdiction and exercised discretion. During the period in question he received from $160 a month to $200 a month. He was never compensated on a basis less than $30 a week, and during at least part of the period he received $200 a month or more, if bonus and other allowances are taken into account. His immediate superior, the comptroller, testified that less than 20% of the plaintiff's work was the same as that of other employees in that department. It seemed clear to this court that he could be classified as an executive (Sec. 541.1 of the Regulations) for all the time in question, and that he could be classified as an administrative officer for the latter part of the period in question (Sec. 541.2 of the Regulations). The court is impelled to this conclusion by its holding in the case of Walling, Adm'r, v. General Industries Company, D.C., 60 F.Supp. 549.

■ In view of the ruling of the court as to the second defense, it is unnecessary to consider the third defense. But this court has no doubt that the plaintiff could maintain the action in spite of the release, if he were not exempt from the Act, in view of the holding by the Supreme Court in the case of Brooklyn Savings Bank v. O'Neil, cited above. Although this court is not inclined to add to the tendency "to place the employee so far in tutelage as not to be free to give, and the employer to obtain, a release of what is by the terms of the statute nothing more than a cause of action for damages," yet this court would be unable to distinguish the contract of settlement in this case from those contracts held invalid by the Supreme Court because "tending to encourage violation of law."