REID v. SOLAR CORPORATION.
No. 280.

District Court, N. D. Iowa, C. D.
Nov. 22, 1946.

Joseph G. Page of Janesville, Wis., **for** plaintiff.

W. P. Berghuis of Minneapolis, Minn., for defendant.

William S. Tyson, Sol., Jeter S. Ray, Assoc. Sol., and John J. Babe, Asst. Sol., all of Washington, D. C., Reid Williams, Regional Atty., and Thomas O. Moxcey, Assoc. Atty. for Adm'r of Wage & Hour Div. U. S. Dept. of Labor, both of Kansas City, Mo., amicus curiae.

GRAVEN, District Judge.

Case involving statute of limitations in a case under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.

The plaintiff in this action was employed by the defendant from June 21, 1944, until August 4, 1945, in its manufacturing plant at Webster City, Iowa, with the title of production manager at a salary of $275 per month plus bonus. The plaintiff voluntarily left the employment of the defendant on August 4, 1945.

On April 11, 1946, the plaintiff commenced this action, claiming of the defendant, overtime compensation, liquidated damages and attorney fees under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. It is undisputed that the defendant was engaged in the production of goods for interstate commerce and that the plaintiff's employment had to do with such production. It is the claim of the plaintiff that during the period of his employment he worked a large number of hours in excess of forty hours per week. The plaintiff was paid at the regular rate during his period of employment, but it is his claim that he has not received overtime compensation for the excess hours worked. As to the entire claim, the defendant asserts that the plaintiff was under the administrative exemption. 29 U.S.C.A. § 213 (a) (1). The question of administrative exemption is not for determination at this time. The defendant further asserts that the greater portion of the plaintiff's claim is barred by the statute of limitation contained in Chapter 222 of the Acts of the 51st General Assembly of Iowa, 1945. The parties submitted their evidence on the issue of the statute of limitations and that issue is for determination by the Court in advance of the other issues in the case.

It was stipulated by the parties that the regular pay days for the plaintiff and all other employees of the defendant at the plant in question were the 5th and 20th of each month for the preceding half of the month. The regular pay day for the plaintiff for the half month preceding June 30, 1945 was July 5, 1945. Overtime compensation due an employee under the Fair Labor Standards Act is due and payable at the next regular pay day following the period in which the overtime services were rendered, and an employee's claim for overtime compensation accrues on each such pay day. Mid-Continent Petroleum Corporation v. Keen, 8 Cir., Sept. 18, 1946, 157 F. 2d 310. The defendant's plea of the statute of limitations is asserted only as to that part of the overtime compensation claimed which accrued prior to July 4, 1945, and is not asserted as to the claimed overtime compensation which accrued thereafter.

Since the Fair Labor Standards Act has not prescribed any period of limitations for actions thereunder they are governed by the valid and applicable state statutes of limitation. Republic Pictures Corporation v. Kappler, 8 Cir., 1945, 151 F.2d 543, 545, 546, 162 A.L.R. 228. See notes 157 A.L.R. 545 and 162 A.L.R. 237.

In the instant case there are a number of Iowa Statutes of Limitation to be considered. Subsection 3 of Section 11007 of the 1939 Code of Iowa, Section 614.1 of the 1946 Code of Iowa, provides a two year statute of limitation for actions brought for a statute penalty. It is settled that the liquidated damages provided for in the Fair Labor Standards Act do not constitute a penalty. Overnight Motor Trans. Co. v. Missel, 1942, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682; Culver v. Bell & Loffland, 9 Cir., 1944, 146 F.2d 29; McNeal v. Central Greyhound Lines, Inc., D.C.Ohio 1945, 66 F.Supp. 581. Therefore, subsection 3, referred to, relating to actions brought for a statute penalty, is not applicable to actions brought under the Fair Labor Standards Act.

Section 11011 of the Code of Iowa 1939, Section 614.5 of the 1946 Code of Iowa, provides as follows: "When there is a continuous, open, current account, the

cause of action shall be deemed to have accrued on the date of the last item therein, as proved on the trial." It is now settled that a claim for overtime compensation does not constitute a continuous, open, current account under this statute. Mid-Continent Petroleum Corporation v. Keen, 8 Cir., Sept. 18, 1946, 157 F.2d 310, 316.

The matter of the application of statutes of limitation to actions brought under the Fair Labor Standards Act has been a matter of frequent judicial consideration. See notes 157 A.L.R. 545 and 162 A.L.R. 237. See also Wright et al. v. United States Rubber Co., D.C. S.D. Iowa Sept. 27, 1946, 69 Fed.Supp. 621. See also Swick v. Glenn L. Martin Co., D.C. Md. Oct. 23, 1946, 68 F.Supp. 863 where a Maryland statute of limitation relating to actions under the Fair Labor Standards Act was held valid.

On March 19, 1943, the Iowa Legislature passed Chapter 267 of the Laws of the 50th General Assembly, which read as follows: "Section 1. In all cases wherein a claim or cause of action has arisen or may arise pursuant to the provisions of any Federal Statute wherein no period of limitation is prescribed, the holder of such claim or cause of action may commence action thereon within but not after a period of six months after March 1, 1943, if such claim or cause of action arose prior to March 1, 1943, or within but not later than six months after the accrual of such claim or cause of action if such claim or cause of action arose after March 1, 1943."

The Act contained a publication clause and became effective March 23, 1943. On February 8, 1945, the United States District Court for the Southern District of Iowa in the case of Kappler v. Republic Pictures Corporation, 59 F.Supp. 112, held Chapter 267 invalid as to actions brought under the Fair Labor Standards Act. On appeal the Eighth Circuit Court of Appeals (Republic Pictures Corporation v. Kappler, 151 F.2d 543, 162 A.L.R. 228) held Chapter 267 invalid as a discrimination against rights granted under Federal statutes. Certiorari was granted by the United States Supreme Court and on February 4, 1946 that Court (Republic Pictures Corporation v. Keppler, 66 S.Ct. 523, rehearing denied, 66 S.Ct. 804,

affirmed the case with a per curiam opinion which reads as follows: "The motion to affirm is granted and the judgment is affirmed. McKnott v. St. Louis & San Francisco Railway Co., 292 U.S. 230, 233, 234, 54 S.Ct. 690, 691, 692, 78 L.Ed. 1227; Pufahl v. Estate of Parks, 299 U. S. 217, 227, 57 S.Ct. 151, 157, 81 L.Ed. 133; Miles v. Illinois Central Railroad Co., 315 U. S. 698, 704, 62 S.Ct. 827, 830, 86 L.Ed. 1129, 146 A.L.R. 1104."

The Iowa Legislature convened in regular session on January 8, 1945, as the 51st General Assembly. That Legislature at that session enacted Chapter 222 of the Laws of the 51st General Assembly which provides as follows:

"Section 1. That Chapter 267, Laws of the Fiftieth General Assembly be and the same is hereby repealed.

"Section 2. Subsection five (5) of Section eleven thousand seven (11007) is amended by striking the period (.) following the word "years" in line seven (7) and adding the following: "except as provided by subsection nine (9).

"Section 3. Section eleven thousand seven (11007) is further amended by adding a new subsection as follows: "9. Those founded on claims for wages or for a liability or penalty for failure to pay wages, within two years. Any present existing causes of action must be commenced in any court of competent jurisdiction within six (6) months after the effective date of this act."

The act was approved by the Governor on March 29, 1945. Under the Iowa Constitution (Article III, Section 26) all laws passed at a regular session not containing a publication clause become effective July 4th following. Under that provision Chapter 222 not containing a publication clause became effective July 4, 1945.

Section 11007 of the Code of Iowa 1939, referred to in the act, was and is a section which prescribes the period of limitation for a large number of actions and is frequently referred to as the general statute of limitations in contrast to a number of sections which follow it, which are frequently referred to as special statutes of limitations. Prior to enactment of Chapter

222 there were eight subsections to Section 11007. Prior to enactment of Chapter 222 the pertinent provision of subsection 5 of Section 11007 read as follows: "Those founded on unwritten contracts * * * within five years." Section 3 of Chapter 222 was added as a new subsection to Section 11007 and was designated as subsection 9.

■ Prior to enactment of Chapter 222 there was no Iowa Statute of Limitation relating specifically to actions for the recovery of wages. Prior thereto, actions for the recovery of wages were governed either by subsection 5 of Section 11007 of the Code of Iowa 1939 providing a five-year period of limitation for actions upon unwritten contracts or by subsection 6 of the same section providing a ten-year period of limitations for actions upon written contracts. See Mid-Continent Petroleum Corporation v. Keen, 8 Cir., 1946, 157 F.2d 310, 316. The overtime compensation provided for by the Fair Labor Standards Act constitutes wages and the liquidated damages provided for in that Act constitute a liability for failure to pay such wages. Overnight Motor Trans. Co. v. Missel, supra. The United States Government requires that an employer withhold the same taxes from judgments for overtime compensation that are withheld from regular wages. See regulation set forth in full in Keen v. Mid-Continent Petroleum Corporation, D.C. Iowa 1945, 63 F.Supp. 120, 142, 143.

Chapter 222 contains two periods of limitation, one; a two-year period of limitation as to future actions, and second; a six-month limitation period from July 4, 1945 for causes of actions in existence on that date. The two-year provision is of the type that constitutes what is frequently termed "permanent" legislation in that it has no time limit on it and is presumably to continue for an indefinite period of time in the future. Under Chapter 222 any employee whose claim for overtime compensation accrues after July 4, 1945, has two years in which to commence his action. The six months period is of the type that is frequently referred to as temporary legislation in that it is saving clause bridging over the transition from a longer to a shorter period of limitation. Chapter 222, although

enacted on March 29, 1945, did not go into effect until July 4, 1945.

■ The plaintiff and the Amicus Curiæ make no claim of invalidity as to the two year period of limitation contained in Chapter 222. Their attack is directed only and solely to the six months transitional period of limitation. It is settled that a state cannot discriminate against the enforcement of rights given under Federal laws by providing a different period of limitation for such rights than is provided for similar rights arising under state law. Republic Pictures Corporation v. Kappler, 8 Cir., 1945, 151 F.2d 543, 162 A.L.R. 228, affirmed, 66 S.Ct. 523. It is also settled that a state cannot defeat the purpose of federal legislation nor unreasonably interfere with the assertion of rights under federal statutes. Miles v. Illinois Central Railroad Co., 1942, 315 U.S. 698, 62 S.Ct. 827, 86 L.Ed. 1129, 146 A.L.R. 1104.

It is the claim of the plaintiff and the Amicus Curiae that the six months provision contained in Chapter 222 discriminates between rights arising under federal statutes and those arising under state law. It is also their claim that the provision unreasonably interferes with the purpose of the Fair Labor Standards Act and the enforcement of it, and that it unreasonably interferes with Congressional regulation of interstate commerce. It is also their claim that such provision gives such an unreasonably short time for the assertion of rights by claimants under the Fair Labor Standards Act, that it denies such claimants due process of law and equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States.

■ A state statute of limitation might provide a reasonable time for the assertion of federal rights and yet be discriminatory as to them because it provided a longer period of limitation for similar rights arising under state law. In the Kappler v. Republic Pictures Corporation cases, supra, Chapter 267 of the Acts of the 50th General Assembly was held invalid because it provided one period of limitation for rights arising under federal statutes and left similar rights arising un-

der state law subject to a longer period of limitation. The question of whether the six months limitation provided a reasonable period of time was not involved in the Kappler cases. The statute held invalid in those cases related only to rights arising under federal statutes. It left similar rights arising under state law with a longer period of limitation. It would seem that if Chapter 267 had provided a four and one-half year limitation for rights arising under federal statutes and had left similar rights arising under the state law with a five-year limitation, it would still have been discriminatory.

Because Congress did not provide for any period of limitation in the Fair Labor Standards Act, Congress in effect borrowed for use of actions thereunder all the pertinent existing state statutes of limitation. The passage of the Fair Labor Standards Act did not operate as a "freeze" of the then existing state statutes of limitations so as to prevent the states from amending or otherwise changing their limitation statutes. Where Congress does not provide a period of limitation for rights given under a federal statute it in effect borrows any applicable state statutes of limitations as soon as they become effective. That situation is presumably known to state Legislatures. Therefore, where a state statute of limitation relating to actions for the recovery of wages is enacted subsequent to the passage of the Fair Labor Standards Act, such a statute should receive careful judicial scrutiny as to its intent and scope.

It is the claim of the plaintiff and the Amicus Curiae that it was the intent of the Iowa Legislature in enacting Chapter 222 to discriminate against rights arising under federal statutes. Where an act of a legislative body is not clear as to its coverage and interpretation, courts in passing upon such questions attempt to ascertain the legislative intent. Where the language of a legislative act is clear and definite it will be presumed that the Legislature "intended the very thing that it said". Fullerton v. Lamm, Or.1945, 163 P.2d 941, 950. Where the language of a statute is clear and definite it is not necessary for the courts to make any further investigation as to legislative intent. In the instant case the language of Chapter 222 is very clear and definite. It clearly and definitely fixes a period of limitation for actions for the recovery of wages and liability for failure to pay wages, and it has to be presumed that the Iowa Legislature "intended the very thing that it said".

[17, 19] If it should be the intent of a state Legislature in enacting a statute to discriminate against rights arising under federal statutes, but the statute as enacted does not in fact discriminate against such federal rights, then the intent of the Legislature would not invalidate the statute. If the intent of a state Legislature in enacting a statute is not to discriminate against rights arising under federal statutes, but the statute does in fact discriminate against such rights, then the good intent of the Legislature would not save the statute. An act of a Legislature might appear on its face to be nondiscriminatory as to rights arising under federal statutes as compared to similar rights arising under state law, yet be so hedged and limited as to make it in reality apply only to rights arising under federal statutes.

Chapter 222 is broad and inclusive. It applies to all actions for wages arising under state law whatever their origin, and until Congress provides a period of limitation for actions under the Fair Labor Standards Act, it applies to such actions. Actions for the recovery of wages were numerous in the Iowa courts long before the Fair Labor Standards Act was enacted. Cases seeking recovery of large sums for personal services against estates are of especially frequent occurrence in the Iowa courts. Actions for the recovery of wages where the Fair Labor Standards Act is not involved continue to be of frequent occurrence in the Iowa courts. If Congress enacts a period of limitation for actions under the Fair Labor Standards Act, Chapter 222 would continue to be applicable to all of the numerous causes of actions for wages accruing in Iowa where no rights arising under federal statutes are involved. It might be that Chapter 222 would affect far more actions where

rights under federal statutes are not involved than it would where rights under federal statutes are involved. Chapter 222 does not discriminate against rights arising under federal statutes in favor of rights arising under state law; it applies without favor to both. It should also be noted that there are Iowa statutes containing provisions for damages for failure to pay wages promptly which were and are within the scope of Chapter 222. Section 1322 of the Code of Iowa 1939, Section 82.112, Code of Iowa 1946, relating to the coal industry provides as follows: "All wages shall be paid in money upon demand semimonthly, by paying the amount earned during the first fifteen days of each month not later than the first Saturday after the twentieth of said month, and for those earned after the fifteenth of each month not later than the first Saturday after the fifth of the succeeding month. A failure or refusal to make payment within five days after demand shall entitle the laborer to recover the amount due him, and one dollar per day additional, not exceeding the amount due, for each day such payment is neglected or refused, and in any action therefor the court shall tax as a part of the costs a reasonable attorney fee to plaintiff's attorney."

While it is believed that under the clear and definite provisions of Chapter 222 that investigation as to other evidence as to legislative intent is not necessary, yet, if such investigation were to be deemed necessary, the other evidence that is available does not reveal much that is clear and conclusive.

It is the claim of the plaintiff and the Amicus Curiae that the fact that the Iowa Legislature in enacting Chapter 222 of the Acts of the 51st General Assembly repealed Chapter 267 of the Acts of the 50th General Assembly which was discriminatory as to rights arising under federal statutes is indicative of a continuing legislative intent to discriminate against rights arising under federal statutes. The debates in the Iowa Legislature are not reported. The reports of committees of the Iowa Legislature contain only the recommendations of the committee. There is no statement of purpose and intent con-

tained in Chapter 222. Chapter 222 appears in the Iowa Legislature records as Senate File No. 94. The chronological order of events is as follows:

January 8, 1945. Iowa Legislature convenes.

January 11, 1945. United States District Court for the Northern District of Iowa held that Chapter 267 of the Acts of the 50th General Assembly was not applicable to actions brought under the Fair Labor Standards Act. Keen v. Mid-Continent Petroleum Corporation, 58 F.Supp. 915. See also Keen v. Mid-Continent Petroleum Corporation, D.C., 63 F.Supp. 120.

January 22, 1945. Senators Mowry and Hill introduce Senate File No. 94 providing solely for the outright repeal of Chapter 267 of the Acts of the 50th General Assembly. The proposed bill contained a provision for it to become effective by publication.

January 23, 1945. Senate File No. 94 referred to Senate Judiciary Committee No. 1.

January 31, 1945. Senate Judiciary Committee No. 1 recommends passage of Senate File No. 94 as introduced.

February 6, 1945. Senator Cromwell files an amendment to Senate File No. 94 proposing a two year period of limitations to present and future actions for recovery of wages or for liability or penalty for failure to pay wages, and proposing the addition of a provision for the bill to become effective by publication.

February 11, 1945. United States District Court for Southern District of Iowa held Chapter 267 of the Acts of the 50th General Assembly invalid. Kappler v. Republic Pictures Corporation, 59 F.Supp. 112.

February 15, 1945. Senate adopted amendments proposed by Senator Cromwell and passed Senate File No. 94 unanimously. Bill messaged to the House.

February 16, 1945. Senate File No. 94 referred to House Judiciary Committee No. 2.

March 6, 1945. House Judiciary Committee No. 2 recommended that Senate File No. 94 be passed with the following amend-

ment: "Any present existing causes of action must be commenced in any court of competent jurisdiction within six months after the effective date of this act."

March 21, 1945. Representative Less proposes amendment striking out the publication clause from Senate File No. 94.

March 21, 1945. House of Representatives adopts amendments proposed by Judiciary Committee No. 2 and by Representative Less to Senate File No. 94 and passes the bill as amended by a vote of 83 to 4. Bill messaged to the Senate.

March 27, 1945. Senate concurs in Senate File No. 94 as amended by the House and adopts bill by unanimous vote.

March 29, 1945. Bill signed by Governor.

The question of legislative intent is not always easy of determination. The question frequently presents itself as to whose intent is involved. Is it the intent of those who introduce a certain bill, the intent of the committee which recommends its passage, or is it the greatest common denominator of intent of the legislators who vote for the bill? In the instant case it seems plain that it was the intention of the two state senators who introduced Senate File No. 94 to merely and only repeal Chapter 267 of the Acts of the 50th General Assembly. The bill as recommended for passage by the Senate and as passed by the Senate repealed Chapter 267 and provided a two year period of limitation for both existing and future causes of action. Up to this point there was no action of which complaint is made. So it may be assumed that the intent of those who introduced the bill, the intent of the Senate committee which recommended its passage, and of the Senate itself, was up to this point entirely proper and satisfactory. When the bill reached the House, the six months provision was added of which complaint is made. The bill as thus amended was then passed by the House and the Senate.

This Court does not have sufficient evidence upon which to make a finding as to legislative intent in connection with Chapter 222 other than is expressed in the provisions of the act itself. If, as claimed, it was the intent of the Iowa Legislature to discriminate against rights arising under federal statutes, then the clear and definite language used in the act defeated such intent.

As heretofore noted, it is the claim of the plaintiff and the Amicus Curiæ that Chapter 222 unreasonably interferes with the Fair Labor Standards Act and thus interferes with Congressional regulation of interstate commerce. In particular, it is claimed that Chapter 222 unreasonably interferes with that part of the Fair Labor Standards Act which appears as 29 U.S.C.A. § 216(b). The pertinent portion of that section provides that if any employer violates the provisions of the Fair Labor Standards Act in regard to the payment of minimum Wages or overtime compensation he shall be liable to the employee affected "in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages" and shall also be liable for a reasonable attorney's fee.

In the recent case of Roland Electrical Co. v. Walling, Jan. 23, 1946, 326 U.S. 657, 669, 66 S.Ct. 413, 418, 419, the United States Supreme Court states in regard to the Fair Labor Standards Act: "The primary purpose of the Act is not so much to regulate interstate commerce as such, as it is, through the exercise of legislative power, to prohibit the shipment of goods in interstate commerce if they are produced under substandard labor conditions."

29 U.S.C.A. § 216(b) providing for liquidated damages and attorney's fees is part of the enforcement provisions of the Fair Labor Standards Act, the object of which is to cause employers to promptly pay any overtime compensation due an employee. A statute of limitation could only bear on this phase of the question if it would operate as a deterrent to the prompt payment of overtime compensation by being the cause of an employer withholding the payment of overtime compensation in the hope that if he held up such payments long enough the statute of limitations would run. It appears that the various state statutes of limitation applicable to

actions under the Fair Labor Standards Act vary from a comparatively short period up to twelve years. See notes 158 A.L.R. 545 and 162 A.L.R. 237. As to whether overtime compensation due under the Fair Labor Standards Act is paid more promptly in those states which have short periods of limitations than it is in those states which have a long period does not appear. It is the law that amounts due an employee under the Fair Labor Standards Act including liquidated damages cannot be compromised by the payment of a lesser amount. D. A. Schulte, Inc. v. Gangi, 1946, 66 S.Ct. 925. See notes 151 A.L.R. 1130 and 158 A.L.R. 1389. Under the Fair Labor Standards Act if an employer lets a regular payday go by without the payment of the overtime compensation due an employee he becomes liable to such employee for one hundred percent additional which he cannot compromise by the payment of a lesser amount. As to whether any employer would where there was a period of limitation of several months in duration let a regular pay day go by without payment of overtime compensation and subject himself to one hundred percent liquidated damages without hope or possibility of compromise is difficult to say. In this case there is not involved the effect upon enforcement under the Fair Labor Standards Act of a short period of limitation as permanent legislation. The question in the instant case to be determined becomes quite narrow in scope on the question of enforcement. Since Chapter 222 was not enacted until March 29, 1945, the six months provision contained therein could not have deterred any employer from making prompt payment for overtime compensation before that date. Since the six months provision did not affect any overtime compensation earned after July 4, 1945, it could not have acted as a deterrent to the prompt payment for overtime compensation earned after that date. Therefore, the only period during which the six months provision of Chapter 222 could have acted as a deterrent to the prompt payment of overtime compensation was from March 29, 1945 to July 4, 1945, a period of three months and six days. This Court is unable to hold as a matter of law that the six months provision of Chapter 222 did during the period of three months and six days in question act as a deterrent to the prompt payment of overtime compensation and thereby constituted an unreasonable interference with the enforcement provisions of the Fair Labor Standards Act and unreasonably interfered with Congressional regulation of interstate commerce. It is noted that in the instant case, part of the services for which overtime compensation is claimed were rendered while a five-year limitation statute governed, part while a six months limitation statute governed and the last part while the present two-year limitation statute governed.

The plaintiff and Amicus Curiæ rely strongly on two cases. One of these cases is the case of Davis v. Rockton & Rion R. R., D.C.S.Car.1946, 65 F.Supp. 67, 71. The South Carolina Legislature on May 25, 1945 passed a statute effective immediately which appears on page 377 of the Acts of the General Assembly of South Carolina 1945, 44 St. at Large. The pertinent portion of the statute reads as follows: "That in any and all suits, or actions, concerning, or in any manner relating to wages claimed under a federal statute or regulation such suit or action must be begun within a year from the time of the accrual of the demand."

The plaintiff in that case had on June 22, 1944, commenced an action for recovery of overtime compensation and liquidated damages under the Fair Labor Standards Act. On May 25, 1945, the act just referred to became effective. The defendant then set up that act as a defense. The court held that the act was applicable only to causes of action accruing after its enactment and hence did not apply to the plaintiff's action. The court was further of the view that the act discriminated against rights granted by federal statutes. If the act did not apply to the plaintiff's action then its provisions and terms were not material so far as he was concerned. However, it is assumed that the court's conclusion as to discrimination just stated was given as an alternative ground for the decision. It would be noted that the South Carolina statute related only to

rights arising under federal statutes and did not apply to any similar rights arising under state law. That act was therefore subject to the same defect that invalidated Chapter 267 of the Acts of the 50th General Assembly of Iowa. Chapter 222 under consideration, as heretofore noted, applies alike and equally to all claims whether they arise under federal statutes or under the state law. The court in the South Carolina case did not rule specifically upon the reasonableness of the length of time. Since the Legislature of South Carolina by the act referred to provided different periods of limitation for similar state and federal rights, the act was plainly invalid, whatever the length of the period of limitation.

The other case upon which the plaintiff and the Amicus Curiæ strongly rely is the case of Fullerton v. Lamm, Or., 1946, 163 P.2d 941, rehearing denied 165 P.2d 63. In that case the Court had under consideration Chapter 265, Oregon laws 1943, the material portion of which reads as follows (Italics supplied): "Section 1. Recovery for overtime or premium pay accrued or accruing, including penalties thereunder, required or authorized by any statute shall be limited to such pay or penalties *for work performed* within six months immediately preceding the institution of any action or suit in any court for the recovery thereof; provided, that an action may be maintained within a period of 90 days after the effective date of this act on claims heretofore accrued."

It appears from the opinion in Fullerton v. Lamm, supra, that in a case where there was no opinion for publication that the United States District Court for the District of Oregon, in a case decided September 9, 1944, held the ninety day provision unconstitutional as being unreasonably short and being an unreasonable interference with the Fair Labor Standards Act and the power of Congress to regulate commerce. That ruling of the United States District Court was affirmed. E. H. Clarke Lumber Co. v. Kurth, 9 Cir.1946, 152 F.2d 914. The Oregon court in Fullerton v. Lamm, supra, in referring to the provision of the act providing that the statute should run from the time the work was performed rather than from the time the

cause of action accrued, characterized such a provision as "without parallel" and "unique". The Oregon court dealt only with the validity of the six months provision and did not deal with the ninety-day provision for the reason (163 P.2d at page 953) that the defendants conceded that if the six months provision of the act should fall that the savings clause would fall with it. The Oregon court in the opinion (163 P.2d at page 950) referred the rule adopted by the federal courts that a cause of action for overtime compensation under the Fair Labor Standards Act accrues at each regular pay day. The Oregon court held that the Oregon Legislature was without authority to provide that such claim should accrue when the work was performed and that the Oregon Legislature was (163 P.2d at page 953) attempting to "control and limit substantive rights granted by an act of Congress and clearly unconstitutional as such". The Oregon court then continued (163 P.2d at page 953) "In the other aspect, giving it all the effect possible as a statute of limitations, it is void for indefiniteness and uncertainty". In the dissenting opinion (163 P.2d at page 955) in that case it was stated: "This court has invalidated Chapter 265 upon two basic grounds: (1) It discriminates against different classes of employees without any reasonable basis therefor. (2) It is void for indefiniteness and uncertainty. Apparently the court is not prepared to say, as a matter of law, that the periods of limitation are unreasonable."

Chapter 222 of the Acts of the 51st General Assembly of Iowa did not, like the Oregon statute purport to provide when a cause of action or claim under the Fair Labor Standards Act accrues. Chapter 222 leaves the question as to when a cause of action or claim accrues to be determined by the applicable federal or state law. Chapter 222 is obviously not subject to the charge of "indefiniteness and uncertainty" which was held to invalidate the Oregon statute. The Iowa act is very clear and definite. It is further noted that the Oregon act took effect immediately while the Iowa act did not take effect for over three months. It should be further noted that the Oregon act provided the six-month period

of limitation as permanent legislation while the corresponding provision in the Iowa act provided a two-year limitation as permanent legislation. The Iowa act provided a six months period of limitation for the transitional period while the Oregon act provided only ninety days. It would seem that the holdings in the cases of Davis v. Rockton & Rion R. R. supra, and Fullerton v. Lamm, supra, are not applicable to Chapter 222 of the Acts of the 51st General Assembly of Iowa.

 The enforcement of the provisions of the Fair Labor Standards Act represents one phase of the instant case. The matter of discrimination against rights granted under federal statutes represents another. There is a further phase. That further phase has to do with the constitutional provisions as to impairment of contracts, due process and equal protection of the laws. United States Constitution, Article I, Section 10 and Amendment XIV. Existing actions constitute property within the meaning of constitutional guarantees and a legislative body cannot annul or destroy such rights of action. State v. Louisiana Oil Refining Corporation, La. App., 1937, 176 So. 686, 687, 691, 692. See also Kozisek v. Brigham, 1926, 169 Minn. 57, 210 N.W. 622, 623, 49 A.L.R. 1260. An employee's claim for overtime compensation and liquidated damages under the Fair Labor Standards Act obviously constitutes property of which an employee may not be deprived without due process of law. It is well settled that a statute of limitations affecting existing causes of action which provides a reasonable time for the bringing of an action does not offend the constitutional provisions as to due process, equal protection of the laws or impairment of contracts. Terry v. Anderson, 1877, 95 U.S. 628, 24 L.Ed. 365; Wilson v. Iseminger, 1902, 185 U.S. 55, 62, 22 S.Ct. 573, 46 L.Ed. 804; Wooster v. Bateman, 1905, 126 Iowa 552, 102 N.W. 521; Lamb v. Powder River Live Stock Co., 8 Cir., 1909, 132 F. 434, 67 L.R.A. 558; Crawford v. Hunt, 1932, 41 Ariz. 229, 17 P.2d 802.

 It is the prevailing rule that in determining the reasonableness of a statute shortening the period of limitation as to existing actions that the period of time between the passage of the statute and its effective date may be considered. 34 Am. Jur. pp. 30, 31; Cummings v. Rosenberg, 1909, 12 Ariz. 327, 100 P. 810, 812; Osborne v. Lindstrom, 1899, 9 N.D. 1, 81 N. W. 72, 46 L.R.A. 715, 81 Am.St.Rep. 516. It has been stated that a statute of limitations which provides for a future effective date is in legal contemplation, a statute which takes effect at once with a provision that suits may be brought on existing causes of action until a specified subsequent date. 34 Am.Jur. p. 31. See also Steele v. Gann, 1939, 197 Ark. 480, 123 S.W. 2d 520, 120 A.L.R. 754. In the instant case there was a period of three months and six days between the passage of Chapter 222 and its effective date. While the Eighth Circuit Court of Appeals in the case of Lamb v. Powder River Live Stock Company, 1909, 132 F. 434, 67 L.R.A. 558 stated that it was the majority rule that the time intervening between the passage of a statute of limitation and its effective date should be considered in determining its reasonableness as to existing causes of action, that Court, in that case, did not find it necessary to decide that question. However, it will be assumed in the instant case, that the only period that should be considered in determining the reasonableness of Chapter 222 is the six months period following July 4, 1945, the effective date of the act.

 In the case of Sherman v. Nason, 1901, 25 Mont. 283, 64 P. 768, the plaintiff was the owner of an account. The state Legislature shortened the period of limitation for accounts from five years to three years in such a way as to leave the plaintiff only six months in which to bring his action. The plaintiff brought his action approximately two years after the statute was changed. The Montana court held that it was not necessary to decide whether the six months period provided was reasonable or not as the plaintiff had not commenced his action within a reasonable time after the enactment of the statute was therefore not in position to challenge the act. In the instant case the plaintiff commenced his action on April 11, 1946, which was one year and thirteen days after Chapter 222 was enacted and nine months and seven

days after the act became effective. The defendant claims that since the plaintiff did not commence his action until more than nine months after the effective date of the act he is not in position to challenge the six months provision of the act as being unreasonable. It is the holding of the court that the delay of the plaintiff in commencing his action was not so unreasonably long as to deprive the plaintiff of the right to attack the validity of the six months period of limitation of Chapter 222. Some courts in determining the reasonableness of a statute of limitation have considered the matter of how long a period of time a suitor had to bring his action before the effective date of the statute. That feature is not involved in the present case, as the plaintiff was earning his claimed overtime compensation right up to the effective date of Chapter 222.

In notes in 49 A.L.R. 1263 and 120 A.L.R. 758 are collected the various holdings as to what periods of limitations have been held reasonable or unreasonable. Periods of limitation as short as ten days have been held to be reasonable and under peculiar conditions a period of limitation of one year has been held unreasonable. In the case of Cummings v. Rosenberg, 1909, 12 Ariz. 327, 100 P. 810, 812, the following statement is made: "The Circuit Court of Appeals for the Eighth Circuit, in Lamb v. Powder River Live Stock Co., 132 F. 434, 65 C.C.A. 570, 67 L.R.A. 558, has collected the cases in which periods of limitations have been considered and held to be reasonable. These periods vary from three months to one year. The Supreme Court of the United States, in two cases (Wheeler v. Jackson, 137 U.S. 245, 11 S.Ct. 76, 34 L.Ed. 659, and Turner v. [People 'of State of] New York, 168 U.S. 90, 18 S.Ct. 38, 42 L.Ed. 392), has held that a limitation of six months, as applied to the cases under consideration, was not repugnant to any provision of the Constitution of the United States. In McGahey v. [Commonwealth of] Virginia, 135 U.S. 662, 685, 10 S.Ct. 972, 34 L.Ed. 304, where the Legislature of Virginia sought to impose burdensome restrictions upon the holders of state bonds, a limitation of one year was declared un-

reasonable; and in Lamb v. Powder River Live Stock Co., where the Legislature of Colorado imposed a limitation of three months upon the bringing of suits upon judgments secured outside of the state, the limitation was held unreasonable. Both of these last-cited cases involved peculiar circumstances."

It appears from the decisions listed in the A.L.R. notes just referred to that in the overwhelming number of cases it is held that a period of limitation of six months is not unreasonable. Since jurisdiction in the present case is not based upon diversity of citizenship, the holdings of the Eighth Circuit Court of Appeals and the United States Supreme Court and the rules laid down by those courts are to be followed in passing upon the question of the validity of the six months provision contained in Chapter 222.

In the case of Security National Bank of Watertown v. Young, 8 Cir., 1932, 55 F.2d 616, 84 A.L.R. 100, certiorari denied 286 U.S. 551, 52 S.Ct. 502, 76 L.Ed. 1287, a South Dakota statute which allowed only thirty days in which to bring an action to recover taxes paid under duress and coercion was held to provide such an unreasonably short time as to violate the Fourteenth Amendment. In Lamb v. Powder River Live Stock Co., 8 Cir., 1909, 132 F. 434, 67 L.R.A. 558, the court held that a Colorado statute which provided a three months period of limitation upon the bringing of suits upon judgments secured outside the state was unreasonable. The holding of the Eighth Circuit Court of Appeals in the case of Republic Pictures Corporation v. Kappler, supra, has been heretofore discussed. The Eighth Circuit Court of Appeals has apparently not passed upon the question of the reasonableness of a six months period of limitation.

In the cases of Wheeler v. Jackson, 1890, 137 U.S. 245, 11 S.Ct. 76, 34 L.Ed. 659 and Turner v. People of State of New York, 1897, 168 U.S. 90, 18 S.Ct. 34, 34 L.Ed. 392, the United States Supreme Court held that a six months period in which to assert existing rights was not unreasonable. In the case of in Re Brown, 1890, 135 U.S. 662,

701, 10 S.Ct. 972, 34 L.Ed. 304, reported in connection with the case of McGahey v. Commonwealth of Virginia, 1890, 135 U.S. 662, 10 S.Ct. 972, 34 L.Ed. 304, the United States Supreme Court had before it one of a great number of statutes passed by the State of Virginia to impede the owners of bonds of the State of Virginia from using the coupons of such bonds in the payment of taxes as provided by the statute authorizing the issuance of the bonds. Nine-tenths of the owners of the bonds were nonresidents. One of the statutes passed by the Virginia Legislature passed long after the issuance of the bonds provided that all coupons to be used for tax payments had to be presented for that purpose within one year. The court held that such a statute was so unreasonable and oppressive as to be invalid. That decision is regarded as having to do with unusual and peculiar conditions. Cummings v. Rosenberg, 1909, 12 Ariz. 327, 100 P. 810, 812.

In the older cases and in the very recent cases the United States Supreme Court has announced the general rules to be followed in cases having to do with the reasonableness of a statute of limitation. That rule is that a legislative body is primarily the judge as to what constitutes a reasonable period of limitation and the courts will not overrule the decision of that department of government "unless a palpable error has been committed". Terry v. Anderson, 1877, 95 U.S. 628, 24 L.Ed. 365. In the late case of Chase Securities Corporation v. Donaldson, 1945, 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628, the United States Supreme Court in a case having to do with state legislation relating to statutes of limitations, states as follows in regard to statutes of limitations (Italics supplied): "They are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the voidable or unavoidable delay. They have come into the law not through the judicial process but through legislation. * * * the history of pleas of limitation shows them to be good only by legislative grace and *to be subject to a relatively large degree of legislative control.*"

This court is unable to hold that in enacting the six months provision contained in Chapter 222 that a palpable legislative error was committed.

It is the claim of the defendant that if Chapter 222 is valid that it bars all of the overtime compensation earned by the plaintiff up through June 30, 1945. The point of controversy as to this phase being the claimed overtime compensation earned from June 15th to June 30, 1945. The defendant claims that the rule is that where employment is by the month, an action for wages earned during the month accrues at the end of the month. See 37 C.J. § 174, p. 822. The defendant cites the cases of Porter v. Chicago etc. Ry. Co., 1896, 99 Iowa 351, 68 N.W. 724 and Sammon v. Roach, 1931, 211 Iowa 1104, 235 N.W. 78 as so holding. The defendant claims that any overtime compensation earned by the plaintiff between June 15th and June 30, 1945, accrued on June 30, 1945, and having accrued prior to July 4, 1945, is barred by Chapter 222. It is not necessary to determine what the Iowa rule is in regard to the time of the accrual of actions for wages. The present action being based upon a federal statute, the federal law and not the state law govern the time of accrual. Chapter 222 does not purport to provide as to when an action for wages accrues. The rule adopted by the federal courts is, as heretofore noted, that a cause of action for overtime compensation under the Fair Labor Standards Act accrues at the next regular pay day following the rendering of the services for which the overtime compensation is claimed. Since the regular pay day for the services rendered by the plaintiff between June 15th and June 30, 1945, was on July 5, 1945, the plaintiff's claim for overtime compensation for that period did not accrue until after July 4, 1945, and hence is not barred by Chapter 222.

It is the holding of the Court that Chapter 222 of the Acts of the 51st General Assembly is valid. It is the further holding of the Court that all of the claim of the plaintiff for overtime compensation for services rendered prior to June 15, 1945, is barred by Chapter 222. It is the further holding that the claim of the plaintiff for

overtime compensation for services rendered from and after June 15, 1945, is not barred.